31 So.2d 216

## MOSSLER ACCEPTANCE CO. v. DENMARK.

No. 38528.

May 26, 1947.

Maurice B. Gatlin & Harry R. Hill, both of New Orleans, for relator.

R. J. Weinmann, of New Orleans, for opponent.

FOURNET, Justice.

The relator, Herbert H. Denmark, whose twenty automobiles and two airplanes were seized under a writ of attachment issued at the instance of the Mossler Acceptance Company in its suit against the relator on promissory notes totalling $82,709.88, applied to this court for and was granted a writ of certiorari directed to the judge of Division "A" of the Civil District Court for the Parish of Orleans ordering him to send the entire record in the case up to us to the end that we might review his judgment decreeing the seized property (valued by him at $32,000) to be of a perishable nature and ordering it sold as a unit under Article 261 of the Code of Practice. Pending the final determination of the matter here, we stayed all further proceedings with respect to the said sale.

In Article 261 of the Code of Practice it is provided that "If the property attached and which has been seized, be of a perishable nature, and subject to be lost or deteriorated during the pendency of the suit, the court may, at the request of the plaintiff, order the sale of such property at public auction, after the usual advertisement, and after the same has been appraised by two experts appointed for that purpose, in order that the proceeds of such sale may remain in deposit in the hands of the sheriff until the definitive decision of the suit."

In support of the contention that automobiles are perishable, the respondent offered the testimony of several witnesses who testified to the effect that automobile tires tend to dry-rot in storage, batteries to deteriorate, crank cases to become damaged, and paint and upholstery to fade. These witnesses stated that in any event the entire automobile loses its value while stored. The respondent also offered testimony to show that it had up to March 14, 1947, spent more than $2,500 in costs in connection with the seizure of this property and that an equal amount would have to be expended if it were not permitted to sell the cars, contending, further, that the cars will certainly perish to the extent that they are "consumed" by these costs.

There is in the record, however, countervailing evidence clearly showing that while there might be a depreciation in the value of a car during storage, depending largely on existing economic conditions, there will be no material deterioration of the car itself or of any of its appurtenances if the car is properly cared for. It cannot be said, therefore, that automobiles are of a perishable nature within the intendment of Article 261.

Under the article as it is presently written its provisions can only be invoked when the property attached and seized is of a perishable nature, and it is, because of such nature, subject to be lost or deteriorated during the pendency of the suit.

The authorities from other jurisdictions cited by the respondent and holding that automobiles are perishable have no application for the reason that these

decisions are based upon the jurisprudence and the peculiar wording of the statutes in the states in which they were decided. We clearly cannot give perishable property as defined in Article 261 the same interpretation that is given it in these other jurisdictions unless we enlarge the scope of this article to include the provisions to be found in these other statutes, and this we are not authorized to do. This is a matter that lies exclusively within the province of the legislative branch of our government.

The Louisiana cases cited do not support the contention of the respondent that we should hold automobiles to be perishable property because coal, flat boats loaded with lumber, livestock, and household furniture have been held by the appellate courts of this state to be of such a nature, for in none of the cases cited was the issue of the perishable nature of the property seized adjudicated upon by the appellate court.

While in the case of Graham v. Swayne, 1 Rob., La., 186, the attached boats loaded with lumber were sold during the pendency of the suit, this was done under a written agreement entered into by all of the interested parties and the court only had for decision the question of the sheriff's amenability to summary process for an accounting of the proceeds of such sale and his right to retain out of such proceeds certain costs and expenses connected with the sale.

In Spencer Field & Co. v. Martin Broderick et al., 12 La.Ann. 552, the sequestered

coal was sold as perishable and to save costs at the instigation of the plaintiff (apparently without complaint on the part of the defendant) but this court only decided that the plaintiff, purchaser of the property at the sale, could not retain the purchase price thereof because of an alleged privilege upon the same.

Hewett's right to have his privileged claim satisfied out of the proceeds of the sale of cotton seized at his instance was the only question decided in Hewett v. Williams, 48 La.Ann. 686, 19 So. 604. Mrs. Williams, prior to the termination of the suit, secured the proceeds of the sale from her husband, the defendant, under a dation en paiment and the court held she took such proceeds with notice of Hewett's privilege thereon; consequently, that he was entitled to have his claim satisfied out of this amount.

The question of whether or not livestock under seizure could be sold as perishable property under Article 261 was squarely raised in the case of Olson v. American Guaranty Co., 152 La. 1021, 95 So. 109, but it was never determined by this court. The appeal was dismissed as presenting a moot question when it was found a final judgment had been rendered in the lower court maintaining the plaintiff's writ of attachment while the case was pending here.

In the unreported case of the Orleans Court of Appeal (Elliot v. Weinshenk, No. 7360), see Louisiana and Southern Digests,

the court did make the statement that household furniture seized to satisfy a claim for rent during the pendency of the suit could be sold as perishable property under Article 261, but such a statement was unnecessary to the decision in the case since it appears a moot question was also presented here, the plaintiff's right to a privilege on the furniture having been recognized and it having been ordered sold during the appeal. In any event, no authorities were cited in support of this bare statement and no sound reason or logic therefor is given.

For the reasons assigned, the judgment of the lower court ordering the sale of the property of the relator, Herbert H. Denmark, during the pendency of the respondent's suit against him is annulled and set aside. All costs of the proceedings here are to be borne by the respondent, the Mossler Acceptance Company; all future costs are to await the final determination of the matter.