**CONTINENTAL CAN COMPANY, Inc.**
v.
**CROWN CORK & SEAL, INC.**
**Civ. A. No. 33190.**

United States District Court
E. D. Pennsylvania.
Oct. 29, 1965.

Henry W. Sawyer, III, Drinker, Biddle & Reath, Philadelphia, Pa., John O. Tramontine, Fish, Richardson & Neave, New York City, for plaintiff.

Harry Shapiro, Philadelphia, Pa., John W. Malley, Cushman, Darby & Cushman, Washington, D. C., for defendant.

KIRKPATRICK, District Judge.

The testimony which is the subject of this motion to suppress was taken by deposition for discovery purposes in a suit brought by the plaintiff for the infringement of several patents, only one of which remains in the case, namely, U.S. No. 2,654,914, assigned to the plaintiff. The witness being deposed when the examination was suspended was Curtis E. Maier, the patentee. The situation which gave rise to this motion may be outlined as follows:

By letter dated November 5, 1963, Mr. Malley, attorney for the defendant, sent to Mr. Porter, then attorney for the plaintiff, a notice of taking Mr. Maier's deposition. In reply, on December 11, Mr. Porter wrote that Mr. Maier, who was in Europe on company business, would return to the United States for his deposition on Tuesday, January 14.

On December 20, 1963, Mr. Malley wrote, "We request that the Patent Office file wrapper application records of the Maier patents should be available at the deposition. We will inform you as to the area of other documentation which we believe should be made available." This was followed on December 27 by a letter containing a schedule of the documents which "should be available at the deposition * * *" On January 6 an expanded notice was sent to the plaintiff specifying documents to be available at the deposition.

Mr. Maier's examination was commenced on Tuesday, January 14. He was not examined on Wednesday the 15th, counsel being engaged in the examination of papers which had been produced. On that day the plaintiff, which had arranged to send Mr. Maier to Europe on company business, advised Mr. Malley that Mr. Maier could stay no later than the end of the day on Friday.

On Friday the deposition was adjourned sine die by mutual consent, both sides making statements to the effect that they were not waiving further examination. At that time Mr. Maier's direct examination had not been completed, the reason being Mr. Porter's statement that he had not had time to study the documents which the defendant had requested. (Three thousand of such documents have now been produced.)

Thereafter, so far as the record shows, nothing significant was done by either party before September 29, 1964, on which day Mr. Maier died in Denmark of a sudden heart attack.

■ The plaintiff's motion to suppress is grounded upon the fact that Mr. Maier's death deprived it of the opportunity to "cross" examine. The rule upon this subject seems to be pretty well settled, and the very numerous authorities cited by the plaintiff are substantially in accord. The rule may be concisely stated as follows: Where a witness dies before cross examination, the party thus deprived of an opportunity to cross examine is ordinarily entitled to have the uncompleted testimony suppressed. If, however, the cross examination was postponed by consent of the party moving to suppress, there is no ground for suppression. Wigmore states it more broadly, "where, however, the failure to obtain cross-examination is in any sense attributable to the cross-examiner's own consent or fault, the lack of cross-examination is, of course, no objection." [1]

In this case there is no question of fault as that word is generally understood. The attorneys conducted the proceeding in a spirit of mutual accommodation, which was entirely proper, and the plaintiff's loss of its opportunity to cross examine was due to an event over which it had no control. But it was an event which would not have made cross examination impossible had the plaintiff not consented to the suspension of the deposition and caused or acquiesced in its unconscionable prolongation.

■ Looking at the course of events leading up to the postponement as well as the colloquies between counsel at the taking of the deposition, it seems to me quite clear that the cross examination of the witness was postponed by the consent of both parties and that it cannot be said that the failure to obtain cross examination was not in large part [2] attributable to the plaintiff. The motion to suppress must, therefore, be denied.

The outline of events in the foregoing opinion is mainly taken from the affidavit of Mr. Kerr who in the summer of 1964 succeeded Mr. Porter as attorney for the plaintiff. However, I believe the entire affidavit states the facts of the case correctly and I, therefore, adopt it in full as my findings of fact for the purposes of this motion. In the opinion I have used the word "direct" to characterize Mr. Maier's uncompleted testimony and the word "cross" to characterize the testimony which he might have given under examination by the plaintiff. As a matter of fact, Mr. Maier, as the inventor of a patent on which the plaintiff assignee based the infringement suit, was in substance being cross examined by the defendant. I see no use, however, in confusing the subject and have, therefore, followed the conventional terminology. It is wholly immaterial what descriptive word is applied to the examination by the respective parties.

## SUR MOTION FOR SUMMARY JUDGMENT

■ The defendant has moved for summary judgment, basing its motion principally on the Maier deposition. The motion must be denied. I am of the opinion that there are disputed issues of fact concerning the interpretation of the patent and its place in the art. Judge Maris has pointed out that, "All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment." Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016, 1018.

■■ The denial of a motion for summary judgment is a matter discretionary

---

1. 5 Wigmore 111 (Sec. 1390), 3rd Ed.

2. A rough estimate is about seventy per cent.

357

with the Court. "Even in cases where the movant has technically discharged his burden, the trial court in the exercise of a sound discretion may *decline* to grant summary judgment." National Screen Service Corp. v. Poster Exchange, Inc., 5 Cir., 305 F.2d 647, 651. Since the motion is principally based on the Maier deposition, I will exercise my discretion to deny the motion. Though I feel the deposition should not be suppressed, I cannot close my eyes to the fact that cross examination, which might have explained some of the direct testimony, was not had and, under these circumstances, it might well accomplish an injustice to take advantage of Mr. Maier's unfortunate demise to enter a summary judgment which otherwise might not be appropriate.