William **TREHARNE**, a minor, by Jeanne Treharne and John F. Treharne, his parents and natural guardians, and Jeanne Treharne, in her own right, and John F. Treharne, husband and father, in his own right

v.

Caroline H. **CALLAHAN**, Executrix of the Estate of Howard W. Callahan, Deceased

v.

Jeanne **TREHARNE**

William Treharne, a minor, by Jeanne Treharne and John F. Treharne, his parents and natural guardians, Appellant.

William **TREHARNE**, a minor, by Jeanne Treharne and John F. Treharne, his parents and natural guardians, and Jeanne Treharne, in her own right, and John F. Treharne, husband and father, in his own right

v.

Caroline H. **CALLAHAN**, Executrix of the Estate of Howard W. Callahan, Deceased

v.

Jeanne **TREHARNE**

Jeanne Treharne, in her own right, and John F. Treharne, husband and father, in his own right, Appellants.

Nos. 18242, 18243.

United States Court of Appeals, Third Circuit.

Argued March 2, 1970.

Decided May 5, 1970.

Rehearing Denied June 26, 1970.

**60**

William W. McVay, McArdle & Mc-
Laughlin, Pittsburgh, Pa. (James R.
Duffy, McArdle, McLaughlin, Paletta &
McVay, Pittsburgh, Pa., on the brief),
for appellants.

Wallace E. Edgecombe, Royston, Robb,
Leonard, Edgecombe, Miller & Shorall,
Pittsburgh, Pa., for appellee.

Before SEITZ, VAN DUSEN and
ADAMS, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

Plaintiffs appeal from an order of the
district court refusing to grant a new
trial after a jury verdict for defendant
in a diversity personal injury action.
Plaintiffs argue that a new trial is re-
quired because the verdict was against
the weight of the evidence and because
the district court erred in allowing de-
fense counsel to read the answers to
plaintiffs' written interrogatories to the
jury. If the answers to the interrogato-
ries were properly admitted, we are
satisfied that the district court did not
err in refusing to grant a new trial
on the ground that the verdict was
against the weight of the evidence.

Although there are multiple plaintiffs,
we need refer only to plaintiff Jeanne
Treharne. She was driving west on the
Pennsylvania Turnpike with her minor
son when her car collided with the right
rear of a car being driven in the same
direction by Howard Callahan, who was
accompanied by his wife. Plaintiff was
severely injured. There were no wit-
nesses to the accident except the occu-
pants of the two cars. Howard Callahan
was named as sole defendant in this ac-
tion, but he died from causes unrelated
to the accident before trial. His widow,
as executrix, was substituted as defend-
ant.

At the trial plaintiff testified to her version of the accident.[1] Her testimony, if believed, would warrant the conclusion that the decedent without reasonable warning swerved or drifted out of the slow lane of the Turnpike into the path of plaintiff's car which was about to pass in the fast lane, and that plaintiff swerved to the right in an attempt to avoid striking it but could not avoid a collision. Plaintiff's son, age twelve at the time of the accident, was unable to shed any light on the cause of the accident. Since the defendant executrix was unable to testify because of illness, the only evidence offered by the defense on the liability issue consisted of sworn answers given by decedent before trial in response to plaintiffs' written interrogatories.

Plaintiffs objected at trial to defendant's offer of the answers on the grounds that they were (1) inadmissible hearsay, (2) purely self-serving declarations and (3) not subject to cross-examination. The district court admitted the evidence, noting that the peculiar need for the admission of the answers—they were the only defense evidence available—outweighed the plaintiffs' right to cross-examination.

■ We note initially that the answers were not objectionable hearsay solely because they were not testimony given by decedent at trial. Rule 33 of the Federal Rules of Civil Procedure provides that answers to interrogatories "may be used to the same extent as provided in Rule 26(d) for the use of the deposition of a party."[2] Rule 26(d), in turn, provides that "so far as admissible under the rules of evidence * * * the deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds [*inter*

*alia*] * * * that the witness is dead." Thus, Rule 26(d) creates an exception to the hearsay rule and accords answers to interrogatories the status of in-court testimony.

■ Plaintiffs assert, however, that the oath attached to decedent's answers does not permit one to ascertain whether the answers, had they been made at trial, would be "admissible under the rules of evidence" as required by Rule 26(d). The oath attached to the answers recites that the facts in the answers "are true and correct to the best of [decedent's] knowledge, information and belief." We agree that the language of the oath, without more, leaves in doubt whether the answers were based on personal knowledge or were inadmissible hearsay. However, the record shows that the district court reviewed each answer and admitted only those answers which in all reasonable probability were based on the decedent's personal knowledge and were otherwise admissible. We also have reviewed the answers that were admitted and conclude that had decedent been able to testify to the same effect at trial such testimony would have been admissible.

■ Plaintiffs next assert that the answers were inadmissible because they were self-serving. Such an objection would not be valid had these questions been asked at trial. Most evidence offered by a party is intended to be self-serving in the sense that it helps prove his case. As Professor McCormick has pointed out, "The doctrine that a party's out-of-court declarations or statements cannot be evidence in his favor, because self-serving, seems to have originated as a counter-part and accompaniment of the rule, now universally discarded, forbidding parties to testify." C. Mc-

---

1. At a pre-trial stage a district court judge ruled that the Pennsylvania Dead Man's statute was not a bar to plaintiff's testifying because defendant had waived that objection by serving written interrogatories on plaintiff. 288 F.Supp. 131.

2. An amended Rule 33, effective July 1, 1970, provides that "the answers may be used to the extent permitted by the rules of evidence." In our opinion, the quoted language makes no change in the applicable law, since we have concluded that the present Rule 33 read with Rule 26(d) imposes the same requirement.

Cormick, Evidence, § 275 (1954). Now that parties can testify there is no reason to exclude statements solely on the ground they are "self-serving."

Plaintiffs' third and primary objection is that the answers should not have been admitted because plaintiffs never had an opportunity to cross-examine the decedent orally with respect to them. Since the answers are admissible pursuant to Rule 26(d) only if the rules of evidence would admit them, plaintiffs argue the lack of cross-examination is fatal. Although plaintiffs propounded the questions, it is clear to us that they were not thereby afforded adequate cross-examination. Thus, the situation here is analogous to that presented when a party testifies on direct examination at trial but dies before the opposing party can cross-examine him. The evidence question in such situations is whether the direct testimony should be stricken.

■ At the outset of our analysis of this issue, we recognize the legal and practical importance of the right of cross-examination. Compare Greene v. McElroy, 360 U.S. 474, 496–97, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959). Wisely employed it is perhaps the most powerful weapon in the arsenal of the lawyer in pursuit of the whole truth. Nevertheless, we think that at least in civil cases the right is not so all pervasive that it automatically forecloses the possibility that competing considerations may be of equal magnitude. For example, the loss of plaintiffs right of cross-examination in our case must be weighed against the loss of defendant's day in court.

With the preceding considerations in mind, we look to the controlling evidentiary law to determine whether in our case it precludes the use of the answers by the party who gave them. We point out at the outset that the only question for decision here is whether a district judge has discretion to admit such evidence when (1) the party who gave the answers is dead, (2) cross-examination has not been prevented by the party producing the witness and (3) it constitutes the only evidence available to a party, so that the practical effect of refusing to admit it is to deny him his day in court.

Rule 43(a) of the Federal Rules of Civil Procedure sets forth the rules governing the admissibility of evidence in civil actions in the district courts. The pertinent part of that rule provides:

> "All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. In any case, the statute or rule which favors the reception of the evidence governs * * *."

Since this case was heard by a district court sitting in Pennsylvania, we first consider whether Pennsylvania courts would admit such evidence. Pringle v. Pringle, 59 Pa. 281, 290 (1868) indicates that Pennsylvania would probably not admit it. See also Pa.Stat.Ann., tit. 28, § 327. But because there is a dearth of modern state precedent on this extremely unusual problem, we prefer to look to an alternative avenue of admissibility.

■ A second class of evidence admissible under Rule 43 is that which was admissible under rules of evidence heretofore applied in courts of the United States on the hearing of suits in equity. An important preliminary question arises as to whether this rule is to be applied only to cases in the federal courts which heretofore would have been denominated "equity" actions. This circuit has turned its face against such a restricted construction. See United States v. 60.14 Acres of Land, 362 F.2d 660 (3d Cir.1966); Rain v. Pavkov, 357 F.2d 506 (3d Cir. 1966). The same approach has been approved by other circuits. E. g., Hope v. Hearst Consolidated Publications, 294 F.2d 681 (2d Cir.

1961) cert. denied 368 U.S. 956, 82 S.Ct. 399, 7 L.Ed.2d 388 (1962). In following this approach we recognize that differences in certain of the common law and equity rules of evidence were often caused in part by the difference in the identity of the fact finder (jury as opposed to chancellor). However, we think that Rule 43 determines that this difference does not necessarily bar the application of the more liberal equity rules. See Green, The Admissibility of Evidence Under the Federal Rules, 35 Harv.L.Rev. 197, 207 (1941). We say this because the difference in the fact finder can be minimized by requiring that cautionary instructions, when appropriate, be given the jury. Since the equity evidence rules may be applied, we must determine whether the answers here would have been admissible in the equity courts.

■ As this court pointed out in United States v. 60.14 Acres of Land, 362 F.2d at 666, "The second category of Rule 43(a) [federal equity rules of evidence] * * * must be read to go beyond specific, already existing decisions, as referring to the general system of evidence reflected in the body of judicial and scholarly writings on the subject." While there is a paucity of reported federal cases in this field, we are satisfied that the federal equity courts applied no less restrictive a rule in this area than the state and English equity courts. Those courts generally held that the admissibility of the testimony of a witness was in the discretion of the court in view of the particular circumstances. When cross-examination was prevented or cut-off by death, so long as such cross-examination had not in any way been prevented by the fault of the party producing the witness, or of the witness himself, the testimony was generally held to be admissible. Scott v. McCann, 76 Md. 47, 24 A. 536 (1892); C. McCormick, Evidence, § 19, at 42. We think the rule would be no less applicable when a party is the witness.

A prior decision of this court, while not discussing it as a Rule 43 problem, applied this evidentiary rule to the admissibility of an oral deposition where the cross-examination was not completed because of death. Derewecki v. Pennsylvania R. R. Co., 353 F.2d 436, 443 (3d Cir. 1965). Moreover, both Professors Wigmore and McCormick approve the rule that in this situation the admissibility issue should be decided by the trial court in the exercise of a sound discretion. 5 J. Wigmore, Evidence (3d ed.) § 1390, at 109–111; C. McCormick, Evidence, § 19, at 41–42.

■■ We emphasize that all we decide is that Rule 43 permits the use here of the established equity rule that in case of death of a witness prior to cross-examination the district judge is permitted to exercise discretion as to whether to admit the testimony given. Here we are convinced that that discretion was exercised soundly. Plaintiffs' counsel does not contend, and our review of the record does not show, that the decedent or the defendant was in any way responsible for plaintiffs' inability to cross-examine the decedent by way of oral deposition.

We recognize that such a distinguished authority as Professor Moore takes the position that a deceased plaintiff's answers to defendant's interrogatories are not admissible as evidence for plaintiff because not subject to cross-examination. J. Moore, 4 Federal Practice § 33.29[1], n. 7 (2d ed. 1969). We are not convinced, however, that he would apply this rule in a situation where, as here, the answers are the only means by which the party can present his side of the case. We think a preferable approach in such a situation is to afford the district court some flexibility in dealing with this most difficult problem of balancing conflicting important interests. See Derewecki v. Pennsylvania R. R. Co., supra. So considered we conclude that the district court did not abuse its discretion in admitting the answers.

·Notwithstanding the admissibility of the answers, however, we think that plaintiffs must be granted a new trial. The district court's charge to the jury contained no cautionary instruction concerning the lack of cross-examination. Indeed, the jury was instructed as follows:

"The testimony of a witness who for some reason cannot be present in court to testify from the witness stand is usually presented in writing, under oath, in the form of a deposition, upon oral examination or written interrogatories.

"Now such testimony is entitled to the same consideration and, insofar as possible, is to be ·judged by you as to credibility and weighed by you in the same way as if the witness himself had been present, although of course you cannot see him and you cannot observe his demeanor and attitude as he testifies."

█ Thus, the jury was not told that in weighing the probative value of the sworn answers they should consider that the answers were not subject to cross-examination. Rather, the jury may have inferred from the instruction given that the answers were to be automatically accorded the same weight as testimony which was subject to cross-examination. Although plaintiffs' counsel did not request a cautionary instruction or charge, in view of the importance of the matter, we believe it was·fundamental error for the district court not to have given such a charge. Our court has previously stated, in a case concerned with the admissibility of an incomplete oral deposition, that ordinarily the lack of cautionary instruction would be fundamental error. Derewecki v. Pennsylvania R. R. Co., supra. We think this rule is even more cogent when a party's written answers to interrogatories are admitted as part of "his" case.

The judgment of the district court will be reversed and the case remanded for a new trial.