Arturo Q. MANGUAL

v.

**PRUDENTIAL LINES, INC.**

Civ. A. No. 70–184.

United States District Court,
E. D. Pennsylvania.

Sept. 21, 1971.

Paul M. Goldstein, Philadelphia, Pa., for plaintiff.

John P. O'Dea, Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for defendant.

## MEMORANDUM AND OPINION

BRODERICK, District Judge.

This matter is before the Court on "defendant's motion for an order excluding plaintiff from using certain of defendant's answers to interrogatories at trial." The answers sought to be excluded are answers which admit the presence of a rug at the time and place where the injury to plaintiff occurred. Said answers were seasonably amended to deny the presence of the rug. While said pretrial motion appears on its face to be premature, we deem an early answer appropriate since if we rule in plaintiff's favor defense counsel may have to take the stand, necessitating the appointment of a new trial counsel. We, therefore, now decide the issues before the Court, namely, whether the answers to the original interrogatories are admissible; and if admissible, whether defendant's amendment precludes the use of the original answers at trial.

Answers to Interrogatories are admissible into evidence subject to the restrictions of Rule 33 of the Federal Rules of Civil Procedure that they "may be used to the extent permitted by the rules of evidence." Defendant asserts that his answers were double hearsay and inadmissible in that the affidavit states:

> That the facts set forth in the foregoing Answers to Interrogatories and Additional Interrogatories are based upon information supplied to him [the affiant] by his counsel and by agents, servants, and employees of defendant, and to the best of his knowledge, information and belief, they are true and correct.

In support of this argument, defendant relies on Treharne v. Callahan, 426 F.2d 58, 61 (3d Cir. 1970), where the Court stated:

We agree that the language of the oath, without more, leaves in doubt whether the *answers were based on personal knowledge or were inadmissible hearsay.* (emphasis added).

There is no question but that the oath in the instant case makes it clear that the defendant's answers were based on hearsay. However, we find the reasoning of *Treharne* inapposite to interrogatories addressed to corporations or their officers.

It is clear that the statements of an agent acting within the scope of their employment are admissible and bind the employer. Lasiter v. Washington National Ins. Co., 412 F.2d 594 (5th Cir. 1969). Moreover, admissions by attorneys are admissible against their clients, where the attorney acted within the scope of his authority. State Farm Mut. Auto. Ins. Co. v. Porter, 186 F.2d 834 (9th Cir. 1951). In the instant case the agents of the defendant made statements to the defendant's attorney which were then used as the basis of answers to interrogatories. If these answers were held inadmissible on the basis of hearsay, it is conceivable that no corporation could ever be bound by its answers, since all corporate answers must of necessity be based on statements of employees. Such a ruling would defeat the purpose of interrogatories as addressed to corporations and cannot be tolerated. Therefore, we conclude that answers to interrogatories posited to a corporation are admissible where they are based on the statements of corporate agents given within the scope of their authority.

Defendant's second argument is equally without merit. While no reported federal case deals with the admissibility of subsequently amended answers, we deem the state law instructive. As stated in Charles T. McCormick, Law of Evidence (West Publishing Co. 1954), Ch. 27, § 242, p. 510:

> In a civil case a pleading, or allegation therein, when amended, with-

drawn, or superseded by a substitute pleading, ceases to be usable as a conclusive judicial admission, but is admissible in evidence in the case in which filed at the instance of the adversary as an evidentiary admission. (Citations omitted)

Since the answer in the instant case clearly constituted an evidentiary admission requested by the adverse party, we must conclude that the disputed answer is admissible despite the amendment.

■■■■ However, in order to effectuate the purposes of Rule 26(e) (2) (A) of the Federal Rules of Civil Procedure to allow amendments to Answers to Interrogatories, it would seem that the amended answer must also be admissible in this situation if the purposes of amendments are not to be frustrated. This is true despite the fact that the subsequent denial of an admitted fact is a self-serving declaration and is normally inadmissible in evidence. *See,* Grace & Co. v. Los Angeles, 278 F.2d 771 (9th Cir. 1960). Such a result seems most consistent with the intent of the Rules, in that it is closely analogous to the situation set out in Rule 32(a) (4), which requires, at the request of adverse counsel, the introduction of all relevant parts of a deposition when only a portion thereof is read to the jury. This rule is clearly designed to allow explanatory material onto the record, the same situation which is now before us; and we, therefore, conclude that if the original answer is offered into evidence by the plaintiff, the amended answer must be offered into evidence at the same time if defendant so requires. Moreover, in the interests of justice, defendant cannot be held absolutely bound by his original admission and shall be allowed the opportunity to present evidence to rebut the original answer if he so desires.

Accordingly, for the foregoing reasons the motion of the defendant in the above captioned case will be and is hereby denied.