## Draper v. Vetter

*Clifford A. Reiders*, for plaintiff.
*John C. Youngman, Sr.,* for defendant.

RAUP, *P.J.,* November 22, 1983—Before the court is defendant's motion in limine, seeking a pretrial ruling on an evidentiary issue which is likely to have a significant impact on the outcome of the trial. The issue is whether a deceased defendant's answers to written interrogatories propounded by plaintiff are admissable as evidence in behalf of declarant's estate at the trial of the case. We have determined that they are.

This action was commenced by the filing of the complaint on August 25, 1981. In the complaint plaintiff alleges that he was seriously injured while a passenger in, and as the result of Brenda Woodley's negligent operation of, a motor vehicle. The accident occured on February 10, 1980. On September 21, 1981, plaintiff submitted a set of written interrogatories to defendant. On April 2, 1982, defendant served her answers to plaintiff's interrogatories. On September 22, 1982, plaintiff served defendant with a notice that he would take the deposition of defendant on October 13, 1982. The deposition never took place because defendant Brenda Woodley died on October 6, 1982. (The personal representative of defendant's estate was thereafter substituted as defendant in this case.)

In her answers to plaintiff's interrogatories, Ms. Woodley stated that immediately prior to the accident she had been driving the vehicle in which plaintiff was a passenger; that she was under the influence of alcohol; that she was under the age of 21; that the alcohol was furnished by plaintiff himself ("he got me drunk"); that plaintiff and his brother (also a passenger in the car) had also imbibed excessively in alcohol; and that plaintiff was not only aware of her condition but had a substantial hand in causing the condition. The parties agreed at oral argument that Ms. Woodley's death was unrelated to the accident in question, and was not anticipated at the time her answers to interrogatories were filed.

In arguing on the admissibility of these answers, both parties attract our attention to Pennsylvania Rules of Civil Procedure 4005 and 4020. Rule 4005 provides in pertinent part as follows:

"(c) Interrogatories may relate to any matters which can be inquired into under Rules 4003.1 through 4003.5 inclusive and the answers may be used to the same extent as provided in Rule 4020 for the use of a deposition of a party . . ."

Rule 4020 provides in pertinent part as follows:

"(a) At the trial, any part or all of a deposition, so far as admissable under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or had notice thereof if required, in accordance with any one of the following provisions:

"(3) the deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds,

"(a) that the witness is dead, or . . ." Pa. Rule of Civil Procedure 4020(a)(3)(a).

Plaintiff and defendant offer diverse interpretations as to how the two above-stated rules affect the issue presently before the court.

Plaintiff submits that the clause "so far as admissable under the rules of evidence" contained in Rule 4020 makes these answers inadmissable. Plaintiff's contention is that deceased defendant's answers to the interrogatories are hearsay, since they were out of court statements offered to prove the truth of the matters asserted, and therefore, under the rules of evidence, they are inadmissable because they fall within no exceptions of the hearsay rule.

Defendant, on the other hand, opts for a more literal reading of these rules. Defendant argues that Rule 4005 indicates that the phrase "answers to written interrogatories" should be substituted wherever the term "deposition" appears in Rule 4020. When the substitution is made, the conclusion that one must reach is that a deceased party's answers to written interrogatories may be used at trial by the deceased party for any purpose so far as they are admissible under the rules of evidence. In essence, defendant seems to be arguing that Rule 4005 in conjunction with Rule 4020 creates an exception to the hearsay rule. The same argument has been upheld in a case interpreting similar provisions in the Federal Rules of Civil Procedure.

In Treharne v. Callahan, 426 F.2d 58 (C.A.3d 1970), the court, in a like situation to the one at bar, interpreted Federal Rules 33 and 26(d), which contain similar language to the Pennsylvania Rules discussed above. In doing so, the court of appeals determined that Rule 26(d) created an exception to the hearsay rule and accorded answers to interrogatories the status of in-court testimony. 426 F.2d at 61.

With the above arguments and decisions as background, we now approach the central issue of this matter. The most persuasive argument asserted by plaintiff is that the answers should not have been admitted because plaintiff never had an opportunity to cross-examine decedent with respect to them. This factor becomes all the more important when one notes that, pursuant to Pa.R.C.P. 4020, the answers are admissible only if the rules of evidence would admit them. The question then becomes whether the lack of cross-examination would render the answers inadmissible under the rules of evidence.

Clearly, plaintiff was not afforded the opportunity to cross-examine defendant with respect to the answers given to plaintiff's interrogatories. At the same time, by reason of her death, defendant is not able to present a defense to the claims made by plaintiff. Given these facts we must weigh the loss of plaintiff's right of cross-examination in our case against the loss of defendant's day in court. See Treharne v. Callahan, supra, at 62.

An instructive decision on this issue was rendered by the Third Circuit Court of Appeals in Derewecki v. Pa. Railroad Co., 353 F.2d 436 (C.A.3d 1965). In that case the deposition of deceased plaintiff was offered into evidence at trial by the personal representative of the estate. Defendant never had the opportunity to cross-examine deceased plaintiff either at the deposition or at trial because he died before the deposition was concluded. The Third Circuit Court of Appeals affirmed the trial court's decision to admit the deposition into evidence, and stated:

"In endeavoring to dispense justice, we are required to weigh the right of cross-examination against the right of plaintiff at bar to maintain her

suit when the sole direct evidence of how the accident occurred is contained in Derewecki's depositions. It is our conclusion upon examining the record that Mrs. Derewecki could not have maintained her suit without the use of these depositions." 353 F.2d at 442. We have the same situation in the case before us. The only direct evidence supportive of defendant's contention is contained in the answers to plaintiff's interrogatories. Without these answers, defendant is effectively precluded from presenting a defense. Based on the facts of this case, it is our decision that the rights of an individual to present a defense to claims asserted against her outweigh any rights of cross-examination held by plaintiff. In rendering this decision, we are not unaware of the case law which plaintiff cites in support of his position. Specifically, plaintiff relies upon the decision in Cerino v. City of Philadelphia, 435 Pa. 355, 257 A.2d 571 (1969), and to a certain extent upon Treharne v. Callahan, supra. In Cerino, the Supreme Court noted that one of the bases for plaintiff's motion for new trial was the lower court's refusal to admit into evidence deceased plaintiff's answers to defendant's interrogatories. Although the Supreme Court affirmed the decision of the lower court, it neither discussed the admissibility of the answers nor did it specifically hold that such answers were inadmissable. We do not feel that the Cerino decision controls this case. Plaintiff cites the Treharne decision for the proposition that Pennsylvania courts would not allow admission of the offering party's own answers to interrogatories into evidence. The following statement was made by the Third Circuit concerning their view of Pennsylvania law:

"Since this case was heard by a district court sitting in Pennsylvania, we first consider whether Pennsylvania courts would admit such evidence."

Pringle v. Pringle, 59 Pa. 281, 290 (1868), indicates that Pennsylvania would probably not admit it. See also Pa. Stat. Ann., Title 28, §327. But because there is a dirth of modern state precedent on this extremely unusual problem, we prefer to look to an alternative avenue of admissibility." Treharne v. Callahan, 426 F.2d at 62. After viewing both the Treharne and Pringle decisions, we do not feel that the law of Pennsylvania is such that answers to written interrogatories will absolutely not be admitted. It is interesting to note that although the Treharne decision was decided after Cerino, there is no indication by the court in Treharne that they considered Cerino to be precedent on this problem.

We do not dismiss lightly the role cross-examination plays in our Judicial System. It is a most important tool in the search for truth. The lack of opportunity to cross-examine a witness is given most often as the primary reason for excluding hearsay statements. In some circumstances, however, the truthfulness of statements made outside the court setting can be established or at least implied by methods other than cross-examination.

One of these methods is the exception to the hearsay rule known as the statement against interest. Generally, a statement made against one's pecuniary, proprietary or penal interest is admitted even though it is a hearsay statement. The reason for this is that such a statement would normally subject an individual to civil or criminal liability or otherwise harm him in such a manner that a reasonable man in his position would not have made the statement unless he believed it to be true. The fact that a reasonable person would not normally make a statement against his own interests tends to make the statement more believable. In the case before us, there is no doubt that defendant made a

statement against her own interests. In answering plaintiff's written interrogatories, defendant admitted not only to driving while intoxicated but also to underage drinking. The fact that she made such an admission against her own interests, gives independent credibility to her answers to plaintiff's interrogatories. It is our view that the rules of evidence would allow for the admission of such statements regardless of the opportunity on plaintiff's part to cross-examine declarant.

Other exceptions to the rule that hearsay statements are inadmissable can be found in the Federal Rules of Evidence. While we are not bound by these rules, we find them to be very instructive and we note that more and more courts are referring to them. One such exception which we find to be relevant in this case can be found in Federal Rule of Evidence 803(5). This rule states that:

"(5) Recorded recollection. A memorandum or record concerning a matter about which a witness once had knowledge, but now has insufficient recollection to enable him to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in his memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence, but may not itself be received as an exhibit unless offered by an adverse party." While the issue before us is not specifically covered by this rule, we believe that the spirit of the rule has some relevance to our situation. The answers to the interrogatories can be characterized as a memorandum or record. The questions asked of defendant in the interrogatories were submitted to her at a period of time not too far distant from the time of the accident itself. Finally, the answers were signed and sworn to as being accurate by defendant. Thus, all elements of the rule

are satisfied. We see no distinction between the allowing into evidence of these verified answers and the admissibility of a memorandum or record as set forth in Rule 803(5).[1]

Our final look at the Federal Rules of Evidence centers upon Rule 804(b)(5). Rule 804 deals with hearsay exceptions when the declarant is unavailable. Rule 804(b)(5) states in pertinent part:

"(5) Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of truthworthiness, if the court determines that: (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered that any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules in the interest of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of declarant."

We believe that all the provisions of this exception have been met in this case. Not only are the answers to the interrogatories being offered as evidence of a material fact, it is apparent that defen-

---

1. We note at this point that this exception holds true regardless of whether or not the verifying witness has actually prepared the report or memorandum. Defendant's act of signing and attesting to the truthfulness of the answers to the interrogatories would be sufficient. See note of Committee on the Judiciary, Senate Report no. 93-1277, note to paragraph (5).

dant is primarily basing her defense upon the answers. This fact would also satisfy the criteria set forth in subsection (B) since this is the only evidence that defendant could offer on this point. Finally, as we discussed earlier in balancing the right of a defendant to present his defense with the right of plaintiff to cross-examine a witness, we believe that the interest of justice would best be served by admission of these answers into evidence.[2]

## ORDER

And now, this November 22, 1983, for the reasons set forth in the foregoing opinion, it is hereby ordered that answers of defendant to interrogatories be admissible as evidence at the trial of this case. The court is of the opinion that this order involves a controlling question of law as to which there is a substantial ground for a difference of opinion and that an immediate appeal from this order may materially advance the ultimate determination of this matter.

---

2. As the admissibility of these answers has been at issue for some time prior to the pretrial conference, we see no problem with respect to the final sentence of Rule 804(b)(5).