| .PER CURIAM.
Poole’s Classic Travels, Inc. (“Poole’s”) seeks review of a ruling of the district court which excluded a surveillance videotape of plaintiff, on the ground that the evidence was obtained by a person acting in violation of La. R.S. 17:416.10, which prohibits unauthorized visitors on school grounds. For the reasons that follow, we reverse the judgment of the district court and remand the case for further proceedings.
FACTS AND PROCEDURAL HISTORY
Plaintiff, Edward Scott, filed a petition for damages against Poole’s. In his petition, plaintiff alleged the vehicle in which he was traveling was rear-ended by a bus owned by Poole’s. As a result of the accident, plaintiff alleged he sustained seri *836 ous back and neck injuries. He testified in his deposition that his doctors recommended he undergo neck and back surgery.
During the course of discovery, Poole’s hired a private investigator in order to conduct surveillance of plaintiff. The investigator obtained videotape of plaintiff working as a teacher at Cuillier Career Center. The tape, which was apparently filmed from a vehicle in the school parking lot, shows plaintiff teaching masonry to his students outdoors. On the tape, plaintiff is seen engaging in various physical activities. .JjxAccording to Poole’s, these activities are inconsistent with his alleged injuries.
Plaintiff filed a motion in limine to exclude the videotape. He argued that the tape was obtained in violation of La. R.S. 17:416.1o,[1] as the private investigator was not authorized to be on school grounds.
In response, Poole’s denied any violation of the statute, noting that the parking lot was not designated as a restricted area. According to Poole’s, the tape was taken through a chain link fence, and at no time did the investigator enter the actual school grounds. In the alternative, Poole’s contended that even if the court determines the private investigator violated the statute, there is no basis to exclude the clearly relevant evidence captured on the videotape.
After a hearing, the district court granted plaintiffs motion in limine, prohibiting laPoole’s from utilizing the videotape or still photographs that the private investigator obtained at the school. The order also prohibited Poole’s from relying on the testimony of the private investigator as it relates to the surveillance he conducted while in the school parking lot.
From this ruling, Poole’s applied for supervisory writs. The court of appeal denied the writ in a split decision. The majority reasoned that “[ajlthough this tape would be allowed into evidence under normal circumstances, to do so in the instant case would reward relator’s violation of the statute.” The dissenting judge would have granted the writ and reversed, stating:
I respectfully dissent from the majority’s finding that the relator violated La. R.S. 17:416.10 when the surveillance video tape was obtained. Rather, I find that relator’s surveillance captured the plaintiffs activities outside of the school building in an open area to public view. Accordingly, it is not reasonable to conclude that the plaintiff had any expecta *837 tion of privacy that was violated by the surveillance.
Upon Poole’s application, we granted certiorari to consider the correctness of the district court’s judgment granting plaintiffs motion in limine. Scott v. Poole’s Classic Travels, Inc., 03-2748 (La.1/9/04), 864 So.2d 608. The sole issue presented for our consideration is whether a surveillance videotape made by a person on school grounds in violation of the provisions of La. R.S. 17:416.10 must be excluded in a civil case.[2]
DISCUSSION
We begin our inquiry by examining the language of La. R.S. 17:416.10. The 1¿stated purpose of that statute is to “provide learning environments that are humane, just, and designed to promote excellence and to better maintain safety and good order at public elementary and secondary schools, in this state_” To that end, the statute provides that “no person shall go on public elementary or secondary school grounds or in any public elementary or secondary school building or other school facility as a visitor during school hours without authority of the appropriate school official as provided by rules adopted pursuant to this Section.” The statute further provides “[wjhoever violates the provisions of this Subsection shall be fined not more than two hundred fifty dollars or imprisoned not more than thirty days, or both.”
Nothing in the statute addresses exclusion of evidence in civil proceedings. Nonetheless, plaintiff urges us to find that evidence obtained in violation of the statute must be excluded, because otherwise, a person violating the statute would be “rewarded” for doing so.
It is a fundamental rule of statutory construction that when a law--is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written without further interpretation in search of the intent of the legislature. La. Civ.Code art. 9; Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall, 04-0211 (La.3/18/04), 867 So.2d 651. La. R.S 17:416.10 is clear and unambiguous, providing criminal penalties for violations of its provisions. In the absence of legislative direction, we decline to graft a civil exclusionary rule into the statute.
Moreover, suppressing the surveillance videotape under these facts would have the effect of eliminating a critical aspect of Poole’s defense and frustrating the search for the truth. As we explained in Wolford v. JoEllen Smith Psych. Hosp., 96-2460 (La.5/20/97), 693 So.2d 1164, surveillance materials serve an important function in Isthe search for the truth:
This serves the overarching purpose of our system of justice'_i to search for the truth. Ours is an adversarial system of justice that relies on the ability and resources of adversaries to uncover the truth by testing each other’s evidence through a variety of methods, the most important of which is cross-examination. Moreover, in an adversarial system, the defendant has a right to a defense and to cross-examination. In a personal injury case, surveillance videotape can be critical to the defendant’s defense and ability to effectively cross-examine the plaintiff. Surveillance ma *838 terials may thus serve an important function in the search for truth....
In summary, we find nothing in the clear language of La. R.S. 17:416.10 which mandates the exclusion of civil evidence purportedly obtained in violation of its provisions. The proper sanction for such a violation is found in the criminal penalties set forth in the statute. Accordingly, we find the district court erred in granting plaintiffs motion in limine. That ruling must be reversed.
DECREE
For the reasons assigned, the judgment of the district court granting the motion in limine filed by plaintiff, Edward Scott, Jr., is hereby reversed. The case is remanded to the district court for further proceedings. All costs in this court are assessed against plaintiff.
KNOLL, J., dissents and assigns reasons.
KIMBALL, J., dissents for reasons assigned by KNOLL, J.

. La. R.S. 17:416.10 provides in part:
A. (1) To provide learning environments that are humane, just, and designed to promote excellence and to better maintain safety and good order at public elementary and secondary schools in this state, effective with the beginning of the 1994-1995 school year and thereafter, no person shall go on public elementary or secondary school grounds or in any public elementary or secondary school building or other school facility as a visitor during school hours without authority of the appropriate school official as provided by rules adopted pursuant to this Section.
(2) Whoever violates the provisions of this Subsection shall be fined not more than two hundred fifty dollars or imprisoned not more than thirty days, or both.
(3) For purposes of this Section, "visitor” shall mean any person except:
(a) An employee of the school or school system.
(b) A member of the school or school system's governing authority.
(c) A student enrolled in the school system.
(d) A parent, guardian, or other person authorized by a parent or guardian who is delivering the pupil to school at the beginning of the school day or is picking up the pupil from school at the end of the school day.

. For purposes of this opinion, we will assume, without deciding, that the videotape was made by a person on school grounds in violation of La. R.S. 17:416.10. In doing so, we acknowledge Poole’s argument that there are questions of fact as to whether the investigator actually entered school grounds. However, because of our holding, we need not reach this factual issue.