KNOLL, J.,
dissents.
Iil respectfully dissent from the majority opinion and would recall the writ as improvidently granted. I do not believe this case, which arises from an interlocutory judgment on a pretrial motion in limine regarding the admissibility of evidence, merits the exercise of this Court’s supervisory jurisdiction.
This Court’s docket is largely discretionary.[1] That discretion must be exercised *369 carefully, with an eye to clarifying uncertain or disputed areas of law and resolving issues with ramifications stretching beyond the present case. As Justice Lemmon cogently noted in his concurrence to Touchard v. Slemco Elec. Foundation, 99-3577 (La.10/17/00), 769 So.2d 1200:
A certiorari court should not merely be concerned with error correction (which is the function for which intermediate courts are established in a three-tier system), but should primarily be concerned with addressing the most important legal issues of the time and providing guidance to lower court judges, lawyers and law professors by thorough and concise analysis and resolution of those issues.
Id. at 1206, n. 1
laGiven the natural bounds on this Court’s time and judicial resources, we should limit our discretionary review to those cases most likely to have a widespread impact on the development of the law of the state of Louisiana. The exercise of discretionary review on a district court’s ruling on a motion in limine is a highly inefficient use of our time:
As Justice Kimball observed in her dissenting opinion in Lenard v. Dilley, 01-1522 (La.1/15/02), 805 So.2d 175, it is poor policy for this court to grant certio-rari in cases where the decision appealed is one granting a motion in limine, a motion which is not provided for by our Codes, but has come into being by trial practice. Reviewing decisions stemming from motions in limine is an inefficient allocation of this court’s already strained judicial time and resources because decisions relating to such motions are generally made prior to trial, are interlocutory rulings that can be changed by the trial court during the course of trial, and often reach this court without a developed record upon which to review the trial court’s decision.
Scott v. Poole’s Classic Travels, Inc., 03-2748 (La.5/25/04), 874 So.2d 835, 838 (Knoll, J., dissenting)
Reviewing motions in limine inevitably leads to piecemeal adjudication of a dispute, and it is simply not feasible for this Court to rule on the admissibility of each piece of evidence to be presented at trial, one by one. It is a better and more efficient use of this Court’s resources to allow the case to proceed to judgment, after which we can address all of the relator’s assignments of error at once. This is especially true for interlocutory rulings on motions in limine, which may be reconsidered by the district court at any time prior to judgment.[2]
Moreover, I do not find the district court committed clear error in finding plaintiffs deposition excerpts were admissible. The excerpts meet the requirements of La. Code of Civ. Proc. art. 1450, which permits a party to introduce the deposition testimony of an unavailable witness “against any party | swho was present or represented at the taking of the deposition or who had reasonable notice thereof.” Avondale and the other defendants were timely notified of plaintiffs scheduled deposition and were actually represented by counsel at the deposition. Therefore, the express requirements of article 1450 are met.
The majority disagrees, finding an implied requirement of cross-examination *370 within article 1450’s penumbras. I do not find this is a proper interpretation of article 1450, but rather changes the law by effectively adding new words to the statute. This simply is not our function.[3] This Court should yield to the Legislature to make such a change in the law, where the legislative process would allow careful consideration of all possible circumstances under which such a requirement may be imposed. Moreover, I find the Legislature anticipated extreme extenuating circumstances could exist and, through article 1450(C), expressly granted the trial court discretion to rule on such matters, as the court properly did in this case.
As to the claimed right to cross-examine a witness, in an ordinary case, all parties would certainly have the right to question a deponent. However, this case presents extreme extenuating circumstances, outside the control of either party, which unfortunately made this impossible. By the time the deposition was scheduled, the witness’s health had already seriously deteriorated. Only minutes into the deposition, he became extremely tired, asked for additional oxygen, and was soon unable to continue. This is not a case where a plaintiff or his attorney acted in bad faith or purposefully conspired to deny the defendant an opportunity to cross-examine. Plaintiffs own attorneys were not even able to complete their direct examination. Although the defense attorneys had no chance to cross-examine plaintiff, they were able to assert objections during the direct examination, thus protecting their rights to some extent. Given the unique circumstances of this Lease, where a witness is so ill that he cannot reasonably be expected to complete his deposition, it is enough that the adverse parties were actually represented at the deposition and had the opportunity to assert objections. This is all that is required by La.Code of Civ. Proc. art. 1450, and it is not the province of this Court to impose additional requirements beyond those mandated by the express language of the statute.
Defendants also raise a hearsay objection. However, article 1450(C) includes a discretionary exception to the hearsay rule for depositions administered under that article:
Conflicts between this Article and Code of Evidence Article 804, regarding the use of depositions, shall be resolved by the court in its discretion.
I do not find the trial court abused its discretion in finding the proffered deposition excerpts admissible under La. Code of Civ. Proc. art. 1450(C). Indeed, the majority of courts who have addressed this issue have permitted the introduction of deposition testimony without cross-examination where, as here, the deponent passes away before the deposition can be completed.
The leading case of Derewecki v. Pennsylvania Railroad Co., 358 F.2d 436 (3d Cir.1965)[4] is closely on point. Plaintiff Joseph Derewecki brought suit against his former employer, the Pennsylvania Railroad Company, claiming that an accident at the railyard caused a serious heart injury. Id. at 438. During plaintiffs deposition, he suffered a heart attack. The deposition was continued and later reconvened, but plaintiff was only able to talk for about fifteen minutes before he suf *371 fered another attack. He died later that day. Id. at 439.
Plaintiffs widow moved to introduce the depositions into evidence, as they were the sole evidence regarding the railyard accident. Defendant objected, |ficlaiming the depositions “had not been completed and that it did not have the opportunity to exercise its ‘right’ to cross-examine Derew-ecki.” Id. The trial court ruled the deposition admissible, and the jury entered judgment for plaintiff. The court of appeal affirmed, finding the introduction of the deposition testimony did not violate defendant’s due process rights given the unusual set of factual circumstances before the court:
We realize that the right of cross-examination inheres in every adversary proceeding and that it is established beyond any necessity for citation of authorities, with certain exceptions not pertinent here, that if cross-examination of an available witness is not had the litigant, deprived of cross-examination, has been denied due process of law. But here we have the extraordinary situation of the witness, a one-time party, not being available and having been put beyond the reach of any process by death.
In endeavoring to dispense justice we are required to weigh the right of cross-examination against the right of the plaintiff at bar to maintain her suit when the sole direct evidence of how the accident occurred is contained in Derew-ecki’s depositions.
Id. at 442.
This rule has been widely adopted by later courts[5] and endorsed by leading civil practice treatises.[6] By enacting La.Code of Civ. Proc. art. 1450(C), the | (¡Louisiana Legislature expressly granted trial courts the discretion to permit introduction of deposition testimony where the circumstances warrant. Given the highly unusual set of facts surrounding this case, I find no abuse of discretion in the trial court’s decision.

. There are a few exceptions. La. Const, art. V, § 5(D) vests the Court with appellate juris *369 diction over any case where a law or ordinance has been declared unconstitutional, or the defendant has been convicted of a capital offense and the penalty of death has been imposed. The Court also has original disciplinary jurisdiction over members of the bench or bar. La. Const, art. V, § 5(B).

. VaSalle v. Wal-Mart Stores, Inc., 01-462 (La.11/28/01), 801 So.2d 331, 334-5.

. Enlarging the scope of a statute "is a matter that lies exclusively within the province of the legislative branch of our government.” Mossier Acceptance Co. v. Denmark, 211 La. 1078, 31 So.2d 216, 218 (1947).

. Citation to federal authority is appropriate because the relevant sections of La.Code of Civ. Proc. art. 1450 are substantively identical to Fed.R.Civ.P. 32.

. See Treharne v. Callahan, 426 F.2d 58, 63 (3d Cir.1970); Waterman Steamship Corp. v. Gay Cottons, 414 F.2d 724, 728 (9th Cir.1969); Duttle v. Bandler & Kass, 127 F.R.D. 46, 50 (S.D.N.Y.1989); Continental Can Co. v. Crown Cork & Seal, Inc., 39 F.R.D. 354, 356 (E.D.Pa.1965); Re-Trac Corp. v. J.W. Speaker Corp., 212 F.Supp. 164, 169 (E.D.Wis.1962); Rosenthal v. Peoples Cab Co., 26 F.R.D. 116, 118 (W.D.Pa.1960); Inland Bonding Co. v. Mainland National Bank, 3 F.R.D. 438, 439 (D.N.J.1944); Draper v. Vetter, 38 Pa. D. & C.3d 652, 656-57 (1983)(permitting introduction of interrogatory responses of deceased party).

. "If the witness died during the taking of the deposition, so that a party did not have adequate opportunity to cross-examine, the court has discretion whether to admit the deposition." 8A Wright & Miller, Fed. Prac. and Proc. § 2146 (2011 ed.).
"The mere fact that a party was not able to fully cross-examine the witness or ask additional questions will not necessarily prevent use of the deposition at trial. Incompleteness and the freer range of questions and answers for the purpose of discovery are factors that the court may conclude bear on the weight of the testimony and not on its admissibility.” 7 Moore’s Fed. Prac. § 32.22[4] (3d ed.2012).