Kenneth PARRILLO

v.

F.W. WOOLWORTH COMPANY.

No. 84–322–Appeal.

Supreme Court of Rhode Island.

Dec. 2, 1986.

John F. Cuzzone, Jr., Samuel Miller, Quinn Cuzzone & Geremia, Providence, for plaintiff.

Kevin M. Cain, Providence, for defendant.

## OPINION

SHEA, Justice.

The defendant, F.W. Woolworth Co., appeals from a Superior Court judgment awarding the plaintiff, Kenneth Parrillo, $71,000 in damages. The appeal arises out of the admission of certain medical affidavits over the defendant's objection.[1] We reverse in part and remand for a new trial on the issue of damages only.

Testimony at trial established that on December 17, 1976, plaintiff, while shopping in defendant's store, slipped on a shiny, transparent, oily liquid, believed to be WD–40 lubricant, and fell. The plaintiff claimed injury to his back and right shoulder, arm, fingers, and leg. The jury found defendant negligent and awarded damages that included compensation for pain and suffering from the date of the accident through the expected life span of plaintiff. The defendant does not challenge the find-

---

1. Although defendant raised other issues in its brief, those issues were waived at oral argument.

ing of liability but appeals the damage award.

At trial, both parties presented medical evidence by affidavit as permitted under G.L.1956 (1969 Reenactment) § 9–19–27, as amended by P.L.1981, ch. 164, § 1. The plaintiff introduced the medical reports of his treating physician, Dr. Henry S. Urbaniak. The four printed-form affidavits supporting the medical reports were identical. The fourth paragraph of each stated "[t]hat my opinion as to the proximate cause of the condition, disability or incapacity diagnosed in said report(s) (and the resulting prognosis and treatment) was the incident contained *in said report.*" (Emphasis added.)

The first affidavit, dated April 15, 1980, refers to reports covering plaintiff's twelve office visits to Dr. Urbaniak from January 11, 1977, through January 7, 1980. The incidents described in the reports to which paragraph 4 of the affidavit refers include not only the December 1976 fall at the Woolworth store that is the subject of this suit but also a February 1977 skiing accident that had nothing to do with the Woolworth Company. The first mention of plaintiff's back pain does not appear under this affidavit until plaintiff's April 12, 1977 visit, which took place nearly four months after the Woolworth fall and six weeks after the skiing accident. The next three affidavits, dated March 6, 1981; August 6, 1981; and August 30, 1983, respectively, make no reference to the fall in the Woolworth store. Reports of treatment accompanying those affidavits mention incidents of injury or apparent aggravation that include plaintiff's performing work in his yard and "helping a client [with] a clothes drier [sic] [while at work]," incidents that, again, had nothing to do with the Woolworth Company. According to those reports, plaintiff's back pain increased following each incident. It is not until August 23, 1983, nearly seven years after plaintiff's fall at Woolworth's and following a skiing accident, work in the yard, and heavy lifting at work, that Dr. Urbaniak

concludes that plaintiff "sustained a 10% full body permanent physical impairment and loss of physical function to the whole body." Again, the only purported causal connection made between the doctor's conclusion regarding permanent physical impairment and plaintiff's fall at Woolworth's is the standard language contained in paragraph 4 of the printed-form affidavit that names the cause of the injury as "the incident contained in said report."

The defendant objected to the admission of the affidavits on the ground that Dr. Urbaniak's reports failed to establish the causal relationship between plaintiff's low-back injury and his fall at the Woolworth store. There should be no question that a failure to establish causal relationship would make the testimony incompetent and therefore inadmissible. The trial justice admitted all four affidavits, ruling that defendant's objection related to the weight to be afforded the affidavits, not to their admissibility.

Section 9–19–27 allows the use of affidavit rather than live testimony to provide evidence of costs of medical services, the need for such services, the diagnosis and prognosis of the physician or dentist, as well as the opinion of such physician or dentist concerning the proximate cause of the condition so diagnosed. The substitution of a written affidavit for live medical testimony, however, in no way relaxes the minimum requirements for the admission of competent medical testimony.

It is well settled in this state that when expert medical testimony is offered to establish a causal relationship between a defendant's act or omission and the plaintiff's injury, such testimony must speak in terms of "probabilities" rather than "possibilities." *Sweet v. Hemingway Transport, Inc.,* 114 R.I. 348, 355, 333 A.2d 411, 415 (1975); *see Lovitt Foods, Inc. v. Veiga,* 492 A.2d 1237, 1238 (R.I.1985); *Simon v. Health-Tex, Inc.,* 490 A.2d 50, 51 (R.I.1985); *Mullaney v. Goldman,* 121 R.I. 358, 363, 398 A.2d 1133, 1136 (1979). Expert testimony, if it is to have any evidentiary value,

must state with some degree of certainty that a given state of affairs is the result of a given cause. *Sweet,* 114 R.I. at 355, 333 A.2d at 415. Although absolute certainty is not required, a medical expert must report that the injuries incurred "most probably" resulted from one specific cause rather than several potential causes. *Id.*

■ Here, Dr. Urbaniak's affidavits state that the proximate cause of plaintiff's complaints is "the incident contained in said report." Since the reports contain evidence of several incidents, the medical evidence failed to exclude other unrelated potential causes of plaintiff's permanent injury. *See Mullaney v. Goldman,* 121 R.I. at 365, 398 A.2d at 1137 (doctor testified number of factors could account for plaintiff's injury). The testimony contained in the affidavits is so confusing that it fails to provide the requisite evidentiary basis on which damages can be properly assessed. This failure to meet the minimum requirements for expert testimony renders the evidence offered by affidavit incompetent and therefore inadmissible.

The plaintiff also introduced the report of a second examining physician, Dr. David M. Barry, by way of a letter dated June 13, 1978, in which that physician reports his findings. That letter, plaintiff argues, clarifies any matter left uncertain in Dr. Urbaniak's reports. In his letter Dr. Barry states, relying on the medical history elicited from plaintiff, that plaintiff has a history of back pain that was aggravated by the fall at the Woolworth store. He also states, however, that only Dr. Urbaniak, as plaintiff's treating physician, can offer an opinion about the degree of damage suffered by plaintiff in the Woolworth incident. Doctor Barry's opinion makes no mention of the skiing accident or the other incidents in which plaintiff was involved.

Each affidavit must satisfy the requirements for expert medical testimony on its own and may not rely on separate evidence to supply missing links. This letter, therefore, cannot substitute for the lack of evidence of proximate cause in the affidavits

of the treating physician and establishes nothing absent testimony of Dr. Urbaniak. Although all litigants have the right to take advantage of the provisions of § 9–19–27, they run the risk of a failure of proof unless the medical picture is sufficiently clear and unambiguous to lend itself to this simplified manner of proof. Certainly, the medical picture in this case was neither clear nor unambiguous.

Since none of the affidavits provide sufficient evidence of proximate cause, they should have been excluded as incompetent evidence. Without the medical evidence, the plaintiff has no proof of his injuries or of the proximate cause of those injuries. There is no evidence, therefore, to support the damage award, and it follows that that portion of the verdict relating to damages must be vacated.

For these reasons, the defendant's appeal is sustained, that portion of the judgment relating to the damage award is vacated, and the papers of this case are remanded to the Superior Court for a new trial on the issue of damages only.

FAY, C.J., and KELLEHER, WEISBERGER and MURRAY, JJ., concurring.