**Nancy E. HUDSON**

v.

**Stephen NAPOLITANO et al.**

**No. 88–537–Appeal.**

Supreme Court of Rhode Island.

June 21, 1990.

Lauren E. Jones, Jones Associates, Providence, for plaintiff.

David O. Curtin, City Sol., William P. Devereaux, Fontaine & Croll, Ltd., Woonsocket, for defendants.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal by the plaintiff, Nancy E. Hudson, from a judgment entered in the Superior Court in her favor for the amount of $15,000 together with interest and costs. Her appeal is based solely upon the exclusion by the trial justice of an affidavit submitted by a chiropractic physician. We affirm the judgment as rendered. The facts of the case insofar as pertinent to this appeal are as follows.

The plaintiff on July 22, 1980, was involved in an automobile accident with an

unmarked motor vehicle operated by a Providence police officer Alfred Tudino. The plaintiff filed a complaint against Tudino and the city of Providence through its Treasurer, Stephen Napolitano. As a result of this accident, plaintiff was treated by various physicians and finally discharged by Dr. William Sammartino, a neurosurgeon, in September 1981. In early 1982 plaintiff consulted a chiropractic physician Dr. David Cichy. She continued to consult with Dr. Cichy intermittently until the time of trial, which began on June 1, 1988.

At the close of the evidence plaintiff's counsel offered to introduce a number of affidavits relating to medical and hospital services rendered to her. The portion relating to the affidavit of Dr. Cichy is as follows:

"Mr. Linder: Your Honor, I offer the medical affidavit of David Cichy, chiropractor.

"Mr. Giannini: Your Honor, I have an objection to its admission as a full exhibit.

"The Court: All right. May I see it.

"(Pause)

"The Court: The objection is sustained, 42 for identification only."

After this brief and cryptic exchange, counsel for plaintiff went on to introduce other affidavits that were received without objection. At the conclusion of this process counsel for plaintiff and the court had the following exchange:

"Mr. Linder: Your Honor, I would like to take a few moments to go through the exhibits to make sure there is nothing for identification I would wish to move as a full exhibit.

"The Court: Go ahead.

"(Pause)

"Mr. Linder: Your Honor, plaintiffs have nothing further."

Relying upon this colloquy, plaintiff asks this court to vacate the judgment entered and to remand the case for trial on the issue of damages only. We are at a great disadvantage in attempting to review this ruling because we can only speculate concerning the basis for the ruling. An additional fact needs to be mentioned, although it tends less to clarify than to complicate the review further. It is undisputed that at the time the affidavit was offered into evidence, no proof of notice to opposing counsel of the contents of Dr. Cichy's affidavit was contained in the court file or proffered to the trial justice. The importance of notice may be readily ascertained from the provision of G.L.1956 (1985 Reenactment) § 9-19-27, which authorizes the introduction of hospital and medical records by way of affidavit with the following proviso:

"provided, further, that written notice of the intention to offer such bill or report as such evidence, together with a copy thereof, has been given to the opposing party or parties, or to his or her or their attorneys, by mailing the same by certified mail, return receipt requested, not less than ten (10) days before the introduction of same into evidence, and that an affidavit of such notice and the return receipt is filed with the clerk of the court forthwith after said receipt has been returned."

In fact no proof of notice of Dr. Cichy's affidavit was provided to any court until counsel for plaintiff filed a second affidavit concerning the mailing of such notice. This second affidavit, dated April 7, 1989, was filed May 30, 1989, after the appeal had been docketed in this court. We are unaware whether the trial justice excluded the affidavit of Dr. Cichy because of the absence of proof of notice or did so for some other reason. Neither the objection nor the court's response provides a basis or a rationale for the ruling.

We are of the opinion that the providing of a ten-day notice as set forth in the statute is a condition precedent to the receipt in evidence of Dr. Cichy's affidavit. We are also of the opinion that proof of notice may be required by the trial justice at the time of the offer of the evidence. Even though our current rule of evidence does not require the taking of an exception or an offer of proof when the nature of the evidence offered clearly describes the rele-

vance and competence of the offered evidence, it is the obligation of the attorney who offers evidence to request a clear ruling from the trial justice concerning the refusal to admit the same. Here we are faced with a deficiency in regard to notice that might well have been cured had counsel determined that the reason for refusing Dr. Cichy's affidavit was an absence of proof of notice. Counsel had the obligation of pointing out at the time that he ceased to offer exhibits for identification that the Cichy affidavit was of importance to his case and that all conditions precedent to its admission had been fulfilled. This counsel failed to do.

> " 'When evidence is *excluded* upon a mere general objection, the ruling will be upheld, if any ground in fact existed for the exclusion. It will be assumed, in the absence of any request by the opposing party or the court to make the objection definite, that it was understood, and that the ruling was placed upon the right ground.' " *McCormick's Handbook of the Law of Evidence*, ch. 6, § 52 at 116 (2d ed. Cleary 1972) (citing *Tooley v. Bacon*, 70 N.Y. 34, 37 (1877); *Morgan Hill Paving Co. v. Pratt City Savings Bank*, 220 Ala. 686, 127 So. 502 (1930)). *Cf. Morgan v. DiBiase*, 121 R.I. 826, 403 A.2d 1080 (1979) (where this court held that "a ruling admitting evidence over a general objection may not ordinarily be challenged on appeal if the evidence objected to is admissible on any ground whatsoever").

In the circumstances we must presume that the deficiency in proof of notice was the reason for the trial justice's declining to mark Dr. Cichy's affidavit as a full exhibit, because no other reason appears in the record. Counsel failed to rebut this absence of notice by setting forth to the trial justice the material that he provided to this court in his affidavit dated April 7, 1989.

We have often stated that one may not raise an issue for the first time on appeal. *Rhode Island Hospital Trust National Bank v. deBeru*, 553 A.2d 544, 547 (R.I.1989); *Cok v. Cok*, 479 A.2d 1184, 1188 (R.I.1984); *Veach v. Veach*, 463 A.2d 508, 509 (R.I.1983). Attempting to cure a defect for the first time in a proffer of evidence before the appellate court is unavailing. On the record before us, we cannot fault the trial justice for refusing to admit an affidavit for which proof of service was lacking.

For the reasons stated, the plaintiff's appeal is denied and dismissed. The judgment of the Superior Court is affirmed, and the papers in the case may be remanded to the Superior Court.