**Lynn ROBERTS-ROBERTSON**

v.

**Domenic LOMBARDI.**

**No. 91-75-Appeal.**

Supreme Court of Rhode Island.

Nov. 22, 1991.

Valerie E. Michael, Gemma Law Associates, Providence, for plaintiff.

C. Daniel Schrock, Providence, for defendant.

## OPINION

PER CURIAM.

This matter was before the Supreme Court on an order directed to both parties to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the defendant, Domenic Lombardi, had appealed from a Superior Court judgment in favor of the plaintiff, Lynn Roberts–Robertson, following a trial by jury.

The issues raised in defendant's appeal involved the admission into evidence of three medical affidavits under G.L.1956 (1985 Reenactment) § 9–19–27, as amended by P.L.1989, ch. 290, § 1 and also the jury instructions given regarding the application of comparative negligence between plaintiff and defendant when a third operator who may have been contributorily negligent was not a party to the lawsuit.

 After reviewing the memoranda submitted by the parties and after hearing counsel in oral argument, this court concludes that cause has not been shown. It appears that the exhibits admitted into evidence under the Medical Affidavit Statute were proper and met the criteria set forth in *Parrillo v. F.W. Woolworth Co.*, 518 A.2d 354 (R.I.1986), as well as these set forth in § 9–19–27. Furthermore, the jury instructions complied with the provisions of G.L.1956 (1985 Reenactment) chapter 6 of title 10, Contribution Among Joint Tortfeasors, in that the jurors were instructed to consider only the negligence of the parties involved in the action before them.

It is a well-settled doctrine that a plaintiff may recover 100 percent of his or her damages from a joint tortfeasor who has contributed to the injury in any degree. *Sousa v. Casey*, 111 R.I. 623, 637–38, 306 A.2d 186, 194 (1973). The joint tortfeasor may then seek contribution pursuant to statute either by a separate action or by impleading the fellow joint tortfeasor under third-party practice. The latter remedy was not invoked in this case.

Therefore, the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.