**Maryann G. MARTINEZ et al.**

v.

**Genevieve S. KURDZIEL et al.**

**No. 91–399–M.P.**

Supreme Court of Rhode Island.

July 7, 1992.

Amedeo C. Merola and Katherine A. Merolla, Asquith, Merolla, Anderson, Archetto & Kane, Providence, for plaintiffs.

Michael G. Sarli and Mark C. Hadden, Gidley, Lovegreen & Sarli, Providence, for defendants.

## OPINION

FAY, Chief Justice.

This is a petition for certiorari seeking to review a decision of the Superior Court granting the motions in limine of Genevieve S. Kurdziel and the town of Westerly (respondents) seeking to prevent Maryann G. Martinez and Louis Martinez (petitioners) from entering into evidence medical affidavits from out-of-state physicians and health-care providers pursuant to G.L.1956 (1985 Reenactment) § 9–19–27, as amended by P.L.1989, ch. 290, § 1. The trial justice granted the motions in limine because he

found § 9–19–27 to be an unconstitutional statute and considered it unfair to require the respondents to go out of state to depose the witnesses. The petitioners assert that the trial justice erred in finding § 9–19–27 unconstitutional and therefore improperly excluded the affidavits and the opinions contained in the hospital records. We conclude that § 9–19–27 is a constitutional statute and is consistent with the rationale underlying the Rhode Island Rules of Evidence and other evidentiary standards. The trial justice must weigh the potential harm to the petitioners in furnishing necessary proof if the evidence is excluded against the hardship to the respondents if the evidence is admitted, as well as the possible availability of this evidence from other means, in deciding whether to admit the out-of-state medical affidavits. We therefore grant the petition for certiorari and vacate the decision of the trial court. We remand the case to the trial court to conduct the balancing test in ruling on the respondents' motions in limine in which they object to each of the petitioners' affidavits and accompanying medical records. The relevant facts are as follows.

The petitioners are plaintiffs in a civil action presently pending in Superior Court in Washington County arising out of the slip and fall of petitioner Maryann G. Martinez (Mrs. Martinez) on January 19, 1983, in a metered parking lot owned and operated by the town of Westerly. They alleged that the town was negligent in failing to maintain the parking lot and in failing to notify patrons of the slippery conditions, which negligence thereby became the proximate cause of Mrs. Martinez's fall. Mrs. Martinez alleges that she sustained numerous serious and permanent injuries to her arm, back, neck, spinal column, and nervous system, which injuries resulted in numerous hospitalizations and surgeries, leaving her permanently crippled and disabled.

Mrs. Martinez, a resident of Charlestown, Rhode Island, received the greater part of her medical care from physicians in Connecticut and at Connecticut hospitals. The petitioners filed a complaint in the Superior Court in Washington County on May 7, 1985. Mrs. Martinez sought to recover for her injuries resulting from respondents' negligence and for the pain and suffering from the injuries, the loss of earning capacity, and the loss of wages she has suffered and will continue to suffer in the future. Louis Martinez (Mr. Martinez) sought to recover for his loss of consortium because of the town's negligence and the resulting injuries to his wife. The petitioners' counsel sought to introduce the medical affidavits of the health-care providers at trial pursuant to § 9–19–27, the statutory provision for introducing out-of-state medical records and affidavits. The affidavits and records from the doctors purportedly contain their opinions of Mrs. Martinez's condition. The affidavits and records from the hospital record keepers verify hospital bills and records. The only affidavits evidenced in the record that were filed with the trial court come from these hospital record keepers, stating that the bills and/or records are true and accurate copies. On February 15 and March 7, 1991, respondents filed motions in limine and objections to the medical affidavits on February 29, March 6, and March 7, 1991, to prevent introduction at trial of those medical affidavits from hospitals, doctors, and health-care providers. The respondents asserted that § 9–19–27 was unconstitutional because the persons or entities executing the affidavits are nonresidents and not within the subpoena power of the Superior Court, thereby impermissibly denying respondents their right to cross-examination by allowing the affidavits into evidence for substantive purposes.

The Superior Court heard the motions in limine and on March 21, 1991, held that the medical affidavits of the physicians were inadmissible because § 9–19–27 was unconstitutional. Further, the trial justice mandated that if the hospital records contained opinions, those opinions had to be excised from those records in order for them to be admissible. By written order dated May 13, 1991, the trial justice stated in response to both pending motions in limine:

"To require a defendant to go to another state to conduct depositions of the

plaintiff's doctors because the plaintiff will not produce the doctors and instead intends to introduce their affidavits, the Court feels is manifestly unjust and violates fundamental fairness, due process and equal protection. The defendant's motion in limine as it relates to the introduction of medical affidavits of the doctors is granted."

The petitioners subsequently filed a petition for writ of certiorari to review the trial court's decision, which petition was granted on September 13, 1991.

In this court petitioners assert that the trial justice erred in finding § 9–19–27 unconstitutional and granting respondents' motions in limine on this basis because, they contend, there is no constitutional right to cross-examination in a civil action, § 9–19–27 does not prevent cross-examination, and § 9–19–27 is consistent with other evidentiary rules. The respondents argue that the motions in limine were properly granted because admitting the out-of-state affidavits would violate their common-law right of cross-examination. Further, respondents assert that admission of out-of-state affidavits would be unconstitutional because it would violate principles of due process, fundamental fairness, and separation of powers. The respondents contend that admitting this evidence would also lead to widespread abuse because such admission would enable a plaintiff to go elsewhere purposely in order to obtain medical care and treatment and present the unchallenged opinion evidence from that treatment. Last, respondents assert that § 9–19–27 guarantees the opposing party the right to cross-examine the out-of-state affiant.

Section 9–19–27 provides for the introduction of opinion evidence through medical affidavits and records, expressly stating:

"(a) In any proceeding commenced in any court * * * an itemized bill and reports, whether originating within this state or any other state, including hospital medical records, relating to medical, dental, hospital services, prescriptions * * * and/or any report of any examina-

tion of said injured person, including, but not limited to, hospital medical records subscribed and sworn to under the penalties of perjury by the physician, dentist or authorized agent of the hospital rendering such services or by the pharmacist * * * shall be admissible as evidence of the fair and reasonable charge for such services and/or the necessity of such services or treatment, the diagnosis of said physician * * * the prognosis of such physician * * * the opinion of such physician * * * as to proximate cause of the condition so diagnosed, the opinion of such physician * * * as to disability or incapacity, if any, proximately resulting from the condition so diagnosed * * *. Nothing contained in this section shall be construed to limit the right of any party to the action to summon or depose, at his or her own expense such physician, dentist, pharmacist * * * or agent of such hospital for the purpose of cross examination with respect to such bill, record and report or to rebut the contents thereof, or for any other purpose, nor to limit the right of any party to the action to summon or depose any other person to testify in respect to such bill, record and/or report or for any other purpose."

This statute is not limited solely to in-state care but specifically encompasses the situation in which evidence is presented from an out-of-state health-care provider by allowing a party the opportunity to depose that witness at his or her own expense. Therefore, this statute has fashioned a specific exception to the hearsay rule for medical affidavits and records and the opinions contained therein.

The Rhode Island Rules of Evidence adopted in 1987 were specifically enacted to supersede any inconsistent statutory or case law in effect at the time of the adoption of the rules. Section 9–19–42, as enacted by P.L.1987, ch. 381, § 1. Rules 803 and 804 of the Rhode Island Rules of Evidence provide exceptions to the hearsay rule. Rule 803(24) is the catchall provision when the unavailability of a witness is not required, and Rule 804(b)(5), the catchall provision when the witness is unavailable

according to specific enumerated categories.

■ Section 9–19–27 is therefore a provision that is similarly applicable to the general provision of Rule 804(b)(5) and should be similarly construed and applied. The exceptions express the considerations utilized by the trial justice in determining whether to admit the offered evidence. Rule 804(b)(5) provides:

"*Other Exceptions.* A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant."

This provision indicates the weighing and balancing requirements of evidence before the out-of-court testimony or evidence may be deemed admissible. As with Rule 804(b)(5), the evidence is not to be automatically admitted pursuant to § 9–19–27 but is also subject to the supervision of the trial justice.

■ The petitioners assert that § 9–19–27 is a constitutional statute and that no constitutional right to cross-examination exists. The respondents contend that this statute is unconstitutional because it operates to violate their common-law right of cross-examination. This court has utilized § 9–19–27 as an evidentiary tool in numerous cases. *See Hudson v. Napolitano*, 575 A.2d 187, 188 (R.I.1990); *Cuddy v. Schia-*

*vonne*, 568 A.2d 1387, 1390 (R.I.1990); *Parrillo v. F.W. Woolworth Co.*, 518 A.2d 354, 355 (R.I.1986).

Due process of law refers to "some legal procedure wherein the person whose rights are to be affected cannot be concluded without being given the opportunity to defend himself." *Genereux v. Pelosi*, 96 R.I. 452, 456, 192 A.2d 630, 632 (1963). Section 9–19–27 clearly provides for the opposing party to obtain all the necessary information and not to operate in such a manner as to foreclose any disclosure of relevant and necessary information, especially on cross-examination. We recognize that there may be a need for cross-examination in civil cases, which need is determined by weighing the prejudices and benefits to each of the litigants. This statute therefore does not on its face violate due process or fundamental fairness to respondents because it clearly considers the need to prevent the statute from being too broad-based or all-encompassing. It does not violate equal protection because corresponding concerns of each of the litigants are weighed and balanced by the trial justice in order to prevent manifest unfairness to a particular litigant. The statute is also not unconstitutional as applied because when the rights and interests of the parties to cross-examination are balanced, any overriding concerns of a party are considered in order to prevent an unconstitutional application of the statute violating the rights of litigants.

■ Although there is no express constitutional right mandating cross-examination in the present case, this court has not prohibited cross-examination in all instances in civil actions but has instead taken an approach that considers the competing interests of the litigants. In *Pazienza v. Pazienza*, 595 A.2d 235, 240 (R.I.1991), this court found that "[t]he importance of cross-examination extends to civil cases as well[,]" and although it is a powerful weapon "we believe that in civil cases 'the right is not so all pervasive that it automatically forecloses the possibility that competing considerations may be of equal magnitude.'" *Id.* (quoting *Treharne v. Callahan*, 426 F.2d 58, 62 (3d. Cir.1970)). As the *Treharne* court noted, "For example, the loss of plaintiffs [*sic*] right of cross-examination in our case must be weighed against

the loss of defendant's day in court." *Treharne*, 426 F.2d at 62. We consider this test helpful in weighing and balancing the competing interests of the litigants in determining if a party is improperly denied the opportunity to cross-examine a witness. Section 9–19–27 does not prohibit a party from having the opportunity to cross-examine an affiant, but expressly provides: *"Nothing contained in this section shall be construed to limit the right of any party to the action to summon or depose, at his or her own expense such physician * * * or agent of such hospital for the purpose of cross examination."* (Emphasis added.) This express limitation therefore mandates that the trial justice look to the specific facts and circumstances of the case to determine whether requiring a party to go out of state to depose a witness would unfairly prejudice that party's right to cross-examination to the extent that evidence should not be admitted by affidavit and corresponding records. The opinions of causation therefore are not automatically to be admitted with no opportunity for cross-examination or shielded from attack by the opposing party. Qualifications of an expert may be challenged on cross-examination at a pretrial deposition. Further, the offering party retains the burden of establishing the relevancy of the expert opinions and reports. As the *Treharne* court stated, the rule that evidence would be inadmissible because it was not subject to cross-examination may not be applicable

> "in a situation where * * * the answers are the only means by which the party can present his side of the case. We think a preferable approach in such a situation is to afford the [trial court] some flexibility in dealing with this most difficult problem of balancing conflicting important interests." *Treharne*, 426 F.2d at 63.

The trial justice must consider whether the evidence is available by other means, whether requiring the opposing party to go out of state to depose an affiant is overly burdensome to that party, and whether the party seeking to admit the evidence would be denied his or her day in court if the evidence is excluded by granting the opposing party's motion in limine. In the present case the trial justice therefore must consider the necessity of the information, the statutory purpose of expediting and facilitating the evidentiary process for introducing medical evidence, the burden of requiring respondents to depose those affiants, and the reason for Mrs. Martinez's obtaining medical care and treatment in Connecticut from her residence in Charlestown, Rhode Island.

The petitioners rely on the case of *Struckman v. Burns*, 205 Conn. 542, 534 A.2d 888 (1987), in asserting that a statute that provides for the admissibility of evidence from an out-of-state medical practitioner without requiring live testimony is constitutional. In that case the applicable statute in Connecticut was similar to § 9–19–27 and provided that evidence could be admitted by medical records, reports, and bills without the necessity of live testimony. Section 9–19–27 explicitly allows the bill or report into evidence and expresses the purpose this evidence may serve. In *Struckman*, although the evidence was specified as a "business entry," this specification did not, as respondents suggest, limit the consideration to the evidence itself but instead provided for the substantive, probative value of the opinion evidence.

In the *Struckman* case the court found that the statute allowing the medical reports and bills of nonresident practitioners into evidence did "not significantly curtail the right of cross-examination because it does not preclude taking the deposition of a nonresident medical practitioner whose report or bill may be offered into evidence at a trial." *Id.* at 549, 534 A.2d at 892. That court held "that hospital records, including medical opinions contained therein relevant to diagnosis * * * may be admitted into evidence without the testimony of the persons who made the entries * * * and * * * that this procedure does not violate a defendant's right of cross-examination." *Id.* at 550–51, 534 A.2d at 893. The procedure in and of itself therefore would not violate an opposing party's right of cross-examination.

The right to cross-examine may be exercised by deposition. *Id.* at 552, 534 A.2d at 893. The *Struckman* court noted that had the plaintiff in that case chosen to go into another jurisdiction to depose that doctor, the defendant would not have complained about having to go out of state to cross-examine the deponent. *Id.* at 552, 534 A.2d at 893–94. That court considered that because the defendant was an agent of the state, it had ample resources available and, therefore, "the additional expense * * * [was] not a matter of constitutional concern." *Id.* at 552, 534 A.2d at 894.

Cross-examination need not always occur in court but may be conducted also by deposition, as is explicitly set out in § 9–19–27(a). This statute clearly considers the out-of-state affiant who may be cross-examined by the opposing party at deposition because he or she is outside the subpoena power of the state. We do not reduce the importance of cross-examination but rather highlight the fact that it is possible to cross-examine an out-of-state witness through a method such as a deposition when that witness is not able to be subpoenaed into that jurisdiction.

The statute in the present case, § 9–19–27, does not lessen the offering party's burden to establish the relevancy and reasonableness standard for evidence. The trial court possesses the authority to determine whether the offered evidence is objectionable. Because the statute does not remove this responsibility from the trial justice, it does not prevent the objecting party from benefiting from the trial court's determination of whether to admit this testimony. The offering party must still establish a causal relationship between the injury and the physical condition claimed to result from it. All the evidentiary requirements must still be met and are not relaxed in any manner. We therefore find the *Struckman* rationale to be consistent with our goals and purposes of the evidentiary statutory scheme, important and necessary to facilitate expeditious resolution in complicated cases that involve evidentiary matters included in medical records. Although we find medical affidavits and opinion testimony admissible and § 9–19–27 constitutional, we do not, however, consider the right to enter evidence as a blanket right, available and exercisable in all instances. Rather we find that there are varied factors and circumstances to be weighed in determining the proper, relevant scope of discovery and admissible evidence in each case.

This court has consistently upheld the trial court's application of evidentiary standards before admitting evidence. In *Cuddy v. Schiavonne*, 568 A.2d 1387 (R.I. 1990), this court found that the trial judge had acted properly when he excluded the medical affidavit because it contained gaps unduly prejudicial to the defendants. Pursuant to Rule 403 of the Rhode Island Rules of Evidence, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." Although § 9–19–27(a) provides the alternative method of introducing medical evidence through the use of medical affidavits, the evidentiary standards are strictly and cautiously applied. As this court has stated, "The substitution of a written affidavit for live medical testimony, however, in no way relaxes the minimum requirements for the admission of competent medical testimony." *Parrillo*, 518 A.2d at 355. The affidavit must also establish proximate cause in order to be considered competent evidence. *Id.* at 356. As we stated in *Parrillo*, "Although all litigants have the right to take advantage of the provisions of § 9–19–27, they run the risk of a failure of proof unless the medical picture is sufficiently clear and unambiguous to lend itself to this simplified manner of proof." *Id.* The assertions in the affidavit must be sufficient to stand independently as evidence of the cause of the injury. *Franco v. Kaufman and Broad, Inc.*, 571 A.2d 24, 25 (R.I.1990).

Section 9–19–27 does not, as respondents contend, eliminate the opportunity for conducting cross-examination but rather fashions an expedited means of introducing reliable evidence while guaranteeing the opposing party the right to cross-examine the affiant. Section 9–18–5 expressly autho-

rizes parties to take out-of-state depositions, only requiring notice to the opposing party. Depositions may also be videotaped to permit viewing of the deponent to determine his or her credibility and demeanor, if this determination is necessary. It is also important to note the circumstantial guarantee of trustworthiness in hospital records with respect to facts and circumstances relating to medical care. 6 Wigmore, *Evidence* § 1707 (Chadbourn rev. 1976). The respondents suggest that cross-examination would be prevented and that they would therefore be unable to cross-examine testimony. This is not factually accurate. The respondents stress inability rather than inconvenience associated with the opportunity for cross-examination of the affiants or witnesses. Inconvenience, however, is not the same as an inability that precludes cross-examination.

■ The respondents also contend that to allow in such evidence "would metamorphose a tool to facilitate the admission of standard business entries into a weapon for the admission of expert testimony shielded from attack." We find this contention to be without merit because the statute does not dictate that the testimony be "shielded from attack" but rather mandates that nothing must unduly interfere with the opportunity for cross-examination. This statute does not encourage trial by affidavit but considers the judicial economy and the interests of the litigants in expediting the litigation process. The burden of proof is not shifted by the statutory terms because the statute provides a vehicle by which to introduce material evidence in a party's case. The trial justice must make his determination in accordance with the evidentiary standards expressed in the Rhode Island Rules of Evidence and the common law. Section 9–19–27 expresses the rationale for medical-record evidence present in Rule 803 and encompasses similar situations in which the declarant is unavailable according to Rule 804. These rules demonstrate the intent to allow certain evidence to be presented substantively, subject to the standards of relevancy, materiality, and trustworthiness and the lack of unfair prejudice to a litigant. There

must still be the indicia of reliability consistent with hearsay-rule exceptions, which determination is to be made by the trial justice. The trial justice must consider whether the evidence is relevant to the care and treatment of the patient. The best interests of the parties and justice are the paramount concerns, as determined in applying the evidentiary rules and the balancing test for determining whether the opportunity for cross-examination is improperly curtailed.

■ The respondents finally contend that it would be overly burdensome to apply the statute because a plaintiff could purposely go to a far-away location for treatment, thereby making cross-examination more difficult and imposing a large burden on a defendant to expend sums of money to depose that "mail-order expert" who has provided the affidavit and/or opinion. This possible situation would be a factor for the trial justice to consider in weighing the competing interests of the parties and in exercising his discretion in applying § 9–19–27 to ensure fairness to both parties in a case. In the present case the trial justice is to look at the proximity of the health-care provider to petitioner, the foreseeability of treatment, and the motive to go out of state in weighing the burden and the benefits to both parties and balancing the competing interests. The respondents' concerns are weighed against petitioners' concerns in determining whether it is overly burdensome in both cost and convenience to require them to go to Connecticut, where petitioner Mrs. Martinez of Charlestown went to obtain health-care service. The trial justice must also consider the nature of the information of the affiant as keeper of records or the profferer of an expert opinion.

To require an injured party to seek and obtain in-state medical care in all circumstances in order to utilize this statute would violate the fundamental fairness to which the respondent refers and would potentially operate unfairly to injured parties. Any potential abuses are preventable by the trial justice in exercising his discretion in weighing the competing interests of the

parties. The underlying policy of that statute is the same as that expressed in the exceptions to the hearsay rule in which the evidence is determined to be reliable and necessary. This rationale we are applying is therefore not new or expansive but rather is consistent with the entire decisional and statutory scheme in regard to evidentiary issues.

For the reasons stated, we grant the petition for certiorari. Because we find § 9–19–27 to be constitutional, the decision of the trial justice granting the respondents' motions in limine is hereby vacated. This case is remanded to the Superior Court both for determination of whether admitting each of the affidavits and corresponding medical records into evidence would unduly prejudice the respondents' right to cross-examination and for further proceedings in accordance with this opinion.