Edward L. GERSTEIN

v.

Nino David SCOTTI et al.

No. 92–445–M.P.

Supreme Court of Rhode Island.

June 23, 1993.

William E. O'Gara, R. Daniel Prentiss, R. Daniel Prentiss & Associates, Providence, for plaintiff.

Peter J. Comerford, Quinn, Cuzzone & Geremia, Richard Riendeau, Alan Kornstein, City of Providence, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on a petition for certiorari filed by the defendants, Nino David Scotti, Francisco M. Scotti, and Steven Napolitano, in his official capacity as Treasurer of the City of Providence (defendants), in the case below to review an order of a justice of the Superior Court denying a motion for protective order filed by the defendants to preclude the taking of a deposition by the plaintiff, Edward L. Gerstein, of an expert witness retained by the defendants. The plaintiff below had filed an action against the defendants for personal injuries incurred when he stepped into a hole in the sidewalk adjacent to premises located at 91 Hope Street in the city of Providence. According to the complaint, the sidewalk was obstructed by a scaffolding, which had been erected by the defendants.

In the course of the litigation defendants retained an expert witness, Edward Spindell, M.D., to examine plaintiff pursuant to Rule 35 of the Superior Court Rules of Civil Procedure. Doctor Spindell prepared a report for defendants in which he indicated that the degeneration of plaintiff's right ankle joint was not proximately caused by the accident of August 21, 1985, but rather was "long-standing and existed prior to the patient's injury."

The defendants notified plaintiff that they would present Dr. Spindell's opinion and findings in an affidavit pursuant to G.L.1956 (1985 Reenactment) § 9–19–27, as amended by P.L.1989, ch. 290, § 1. This section authorizes the presentation of a report by a physician of any examination of an injured person including his or her diagnosis and prognosis and opinion in respect to proximate cause of the condition so diagnosed in the form of an affidavit that will be admissible at trial. The statute further provides in pertinent part:

> "Nothing contained in this section shall be construed to limit the right of any party to the action to summon or depose, at his or her own expense such physician, dentist, pharmacist, retailer of orthopedic appliances or agent of such hospital for the purpose of cross examination with respect to such bill, record and report or to rebut the contents thereof, or for any other purpose, nor to limit the right of any party to the action to summon or depose any other person to testify in respect to such bill, record and/or report or for any other purpose." Section 9–19–27.

Purporting to act pursuant to this provision, counsel for plaintiff notified Dr. Spindell that he would take his deposition in order to cross-examine him concerning the contents of his affidavit. The defendants filed a motion in the Superior Court, seeking a protective order to preclude the taking of Dr. Spindell's deposition unless plaintiff paid to him an expert-witness fee for attending this deposition. The defendants emphasize that portion of the statute which grants the right to any party to "summon or depose, at his or her own expense such physician." The defendants

argued to the justice of the Superior Court that this language clearly required plaintiff to pay the expert-witness fee along with the other expenses attendant upon taking a deposition. The trial justice denied the motion for protective order and stated that pursuant to *Ondis v. Pion,* 497 A.2d 13 (R.I.1985), no expert-witness fee should be required so long as Dr. Spindell was cross-examined regarding the contents of his affidavit. From this ruling a petition for certiorari was filed by defendants. We grant the petition in part and deny it in part for the following reasons.

Recently, in *Martinez v. Kurdziel,* 612 A.2d 669 (R.I.1992), we concluded that § 9–19–27 did not violate any constitutional guarantees of cross-examination or due process by allowing expert testimony to be admitted by affidavit even of out-of-state witnesses. We stated that a trial justice would have the power to balance the interest of the party offering such affidavit evidence with the burden that may be placed upon the adverse party. 612 A.2d at 672. Such balance is necessary in the present context as well as in dealing with the affidavit of a provider of medical care from another state.

There is no question that if a physician is presented by a party to a civil action in the course of trial, the opposing party has a right to cross-examine that expert without paying an expert-witness fee. Similarly, if the proponent of the expert testimony schedules a deposition of that expert in order to use the deposition testimony at trial, the adverse party would be entitled to a reasonable opportunity for cross-examination without paying an expert-witness fee.

However, in the context of a notice to present evidence by affidavit, the question of whether the adverse party must pay an expert-witness fee as a condition to cross-examination either at trial or by deposition is one of first impression before this court. We have stated in *Ondis v. Pion, supra,* and in *Sousa v. Chaset,* 519 A.2d 1132

(R.I.1987), that an expert witness may not be required to give opinion testimony involuntarily. These holdings would doubtless also include the concomitant proposition that the expert witness must be paid for his or her appearance.

■■■ A physician who has given his or her opinion in the form of an affidavit has voluntarily expressed such an opinion and would, therefore, impliedly agree to submit to cross-examination on that opinion as well as on any factual underpinnings of that opinion. The only question presented by this petition for certiorari is the important one of who pays for the cross-examination, which in turn would require the answer to the question of what the Legislature intended in utilizing the words "at his or her own expense." Obviously the Legislature intended by this phrase to require the party who seeks to cross-examine to pay the cost of subpoena, and if that party desires to depose the physician, to pay the cost of the issuance of the notice, any supporting subpoena, and the fee of the stenographer who would take the deposition. In respect to the expert-witness fee, we believe that this question requires this court to engage in interstitial rule making and balancing in applying the legislative intent. We are of the opinion that the Legislature wished to preserve a reasonable opportunity for cross-examination. We further believe that the proponent of an expert witness should be prepared to present that witness for reasonable cross-examination at the insistence of the opposing party. The payment for the prior examination and the preparation of the report and affidavit may well not include the additional cost for attendance at a deposition for purposes of cross-examination. Nevertheless, the adverse party should be entitled at the expense of the proponent to a reasonable opportunity for cross-examination. Such an opportunity, in our opinion, should allow for deposition cross-examination not to exceed one hour at the office of the physician or other expert witness.[1]

---

1. In the event that the physician or other expert does not make his or her office available to the party seeking the deposition, then such party may schedule the deposition at a place of that party's choosing.

If the cross-examination goes beyond one hour's duration, then the adverse party should undertake to pay for the expert's additional time. Such cross-examination may include the expert opinion and any factual basis for such opinion and would explore in scope any relevant questions that might have been asked at trial of such expert witness in order to affect his or her credibility. In the event that the cross-examination exceeds one hour, the expert witness may bill the opposing party for his or her additional time expended. The expert-witness fee provided by the proponent of the expert and the additional fee, if required on the part of the adverse party, will be included in the costs of the case payable to the prevailing party.

In declaring this policy, we are balancing the interest of the proponent and the opponent of expert-witness testimony as indicated in *Martinez v. Kurdziel, supra.* Such a general rule might best be promulgated by this court so that it would then serve as a guide for members of the trial courts of this state.

For the reasons stated, we grant the petition for certiorari in part and deny it in part. The order entered by the justice of the Superior Court is hereby vacated. The papers in the case may be remanded to the Superior Court for further proceedings in accordance with this opinion.

LEDERBERG, J., did not participate.