Louis J. COSENTINO

v.

Erin BLACKMAN et al.

v.

GENERAL MOTORS CORP. et al.

No. 93–553–Appeal.

Supreme Court of Rhode Island.

Nov. 15, 1994.

Gerald DeMaria, Providence, for General Motors.

Mark Nugent, Providence, for C. Webber Chevrolet.

Sean McAteer, Providence, for Erin Blackman.

ORDER

This case came before the court for oral argument November 2, 1994 pursuant to an order that had directed the defendant/third-party plaintiffs to appear in order to show cause why their appeal should not be summarily decided. The third-party plaintiffs had appealed the dismissal of a claim for personal and punitive damages against the third-party defendants, General Motors Corporation and C. Webber Chevrolet.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that the trial justice was correct in holding that Rule 14 of the Superior Court Rules of Civil Procedure is limited to allowing a defendant to seek to recover against a third-party defendant only in circumstances when the third-party defendant may be liable to the defendant for all or part of the plaintiff's claim against the defendant. In sum, we believe that Rule 14 allows a defendant to bring in a third-party for contribution and/or indemnification. It should be noted that in the case at bar the statute of limitations for personal injuries had already run at the time the third-party defendants were impleaded.

Rule 18 of the Superior Court Rules of Civil Procedure does not expand upon the limited purpose of Rule 14. It must also be noted that the statute of limitations would not begin to run in respect to a claim for contribution or indemnification until the defendant had paid a judgment in excess of his appropriate share.

Consequently, the appeal of the third-party plaintiffs from dismissal of their claim for personal and punitive damages against the third-party defendants is hereby denied.