**Supreme Court**

No. 2012-54-Appeal.
(PC 08-8340)

The Wampanoag Group, LLC et al.      :

v.      :

James A. Iacoi et al.      :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

The Wampanoag Group, LLC et al.          :

v.                              :

James A. Iacoi et al.                    :

Present:  Suttell, C.J., Goldberg, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Robinson, for the Court.**  This case is before the Supreme Court pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided.  After carefully considering the record, the memoranda submitted to this Court on behalf of the parties, and the oral arguments of counsel, we are of the opinion that cause has not been shown and that the appeal may be resolved without further briefing or argument. For the reasons set forth in this opinion, we vacate the denial of the defendants' motion for leave to file a third-party complaint.

## I

### Facts and Travel

The initial complaint in this case was filed in the Superior Court for Providence County on December 24, 2008 by The Wampanoag Group, LLC and Andrew Annaldo (collectively, the buyers).  The litigation arose after the buyers purchased real estate located on Wampanoag Trail in East Providence (the property) on January 4, 2008.  In their complaint, the buyers alleged that they had retained Attorney James Iacoi and the law firm of Calenda & Iacoi, Ltd. (collectively,

the attorneys) in connection with their purchase of the property. The buyers' complaint stated that they paid $4,650,000 for the property "based upon the premise that" certain leases on the property "were triple net leases."[1] The buyers further alleged that they had "entrusted [the attorneys] with the responsibility for reviewing [the] leases and advising them as to their contents and, specifically, whether the leases were, in fact, triple net leases." The complaint then alleged, however, that the leases were not triple net leases—which meant, according to the complaint, that the property was worth only $2,940,000. Accordingly, the buyers alleged that they had "overpaid the Seller by slightly more than $1,700,000.00 due to the negligence of the [attorneys]."

On October 1, 2010, the attorneys (the defendants in the underlying civil action) filed a motion for leave to file a third-party complaint pursuant to Rule 14 of the Superior Court Rules of Civil Procedure. In their proposed third-party complaint, the attorneys named Gammons Realty, LLC (d/b/a Prudential Gammons Realty), Christopher J. Cioe, and Rocco A. Quattrocchi (collectively, the agents) as third-party defendants.[2] The attorneys alleged that the agents were involved in the purchase of the property by way of a "dual agency"—which meant, according to the motion for leave, that "they had a fiduciary duty to both the seller and buyers." The motion for leave further stated that, "if it is established that the [buyers] are entitled to recover for their alleged damages," then the agents would be "liable for all or part of the [buyers'] claims against [the attorneys]." On November 5, 2010, the court granted the attorneys' motion over the buyers' objection.

---

[1] A "triple net lease" is a "lease in which the lessee pays all the expenses, including mortgage interest and amortization, leaving the lessor with an amount free of all claims." Black's Law Dictionary 972 (9th ed. 2009).

[2] The third-party complaint alleged that Messrs. Cioe and Quattrocchi were real estate agents at Gammons Realty, LLC.

The agents then filed motions to dismiss the third-party complaint. On August 2, 2011, the court held a hearing on the agents' motions. The motion justice granted the agents' motions and dismissed the third-party complaint, stating that the third-party complaint "fail[ed] to plead any cognizable duty that may be owed by the [agents] either to the defendant or to the plaintiff."

Although the motion justice dismissed the third-party complaint, she did so "without prejudice," noting that there "were conversations between Mr. Quattrocchi and the [buyers] regarding the nature of the leases" and also commenting that she was "troubled by the nature of [the] dual representation" and "the fact that the commission * * * was paid based on the leases."

The attorneys thereafter filed a second motion for leave to file a third-party complaint. This time, their proposed complaint was more detailed, including, inter alia, allegations (1) that the agents had "reviewed the leases in existence on the Property," (2) that the agents had "prepared financial information and projections for the Property based on the income generated by the leases * * * knowing that the [buyers] would rely on that information," (3) that the agents had "falsely represented that the leases in existence on the Property were triple net leases," and (4) that the buyers had "relied upon the incorrect assertion that the leases were triple net leases in connection with their purchase." The attorneys also alleged that the agents had assumed and breached a fiduciary duty to the buyers. The proposed third-party complaint then stated that, based on these allegations, the agents were liable to the attorneys for contribution or indemnification.

A different motion justice[3] denied the attorneys' second motion for leave to file a third-party complaint. He agreed with the first motion justice that the attorneys "did not allege a duty

---

[3] All further references in this opinion to "the motion justice" relate to the motion justice who passed on the second motion for leave to file a third-party complaint.

that ran from the <u>third-party defendant</u> [i.e., the agents] to the <u>third-party plaintiff</u> [i.e., the attorneys]." (Emphasis added.) He then continued as follows:

> "Rule 14 only allows a third-party action if the third-party defendant is liable to the third-party plaintiff. * * * Rule 14 is inapplicable when the third-party defendant is allegedly liable only to the plaintiff. The rule simply does not apply to that situation."

Accordingly, the court held that, because the third-party complaint "fail[ed] to allege a cause of action by the third-party plaintiff against the third-party defendant," the motion for leave was denied.

The attorneys then filed a petition for a writ of certiorari, requesting that this Court review the motion justice's decision to deny their second motion for leave to file a third-party complaint. This Court granted that petition on May 17, 2012.

## II

### Standard of Review

Under Rule 14, the decision as to whether or not to allow a defendant to file a third-party complaint is left to the sound discretion of the trial court. <u>E.g.</u>, <u>Pettella v. Corp Brothers, Inc.</u>, 107 R.I. 599, 613, 268 A.2d 699, 706 (1970). However, in this case, the motion for leave was not denied pursuant to an exercise of such discretion; instead, it was denied based on the motion justice's understanding of the legal requirements of Rule 14. Accordingly, we will conduct a <u>de novo</u> review. <u>See</u> <u>Manchester v. Pereira</u>, 926 A.2d 1005, 1011 (R.I. 2007) ("When faced with a trial justice's rulings regarding questions of law * * * we will conduct a <u>de novo</u> review."); cf. <u>McKenna v. First Horizon Home Loan Corp.</u>, 475 F.3d 418, 422 (1st Cir. 2007) ("[A] district court necessarily abuses its discretion when its decision or judgment depends upon an incorrect view of the law.").

- 4 -

# III

## Analysis

This case presents an issue of civil procedure. Specifically, we must decide whether the attorney defendants' second proposed third-party complaint falls within the scope of Rule 14, which governs impleader. Rule 14(a) reads, in pertinent part, as follows:

> "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against the third party plaintiff."

It is our opinion that the attorneys' proposed third-party complaint presented an appropriate use of impleader under Rule 14. That rule states that a potential third-party defendant is one "who is or may be liable to the third party plaintiff for all or part of" the original plaintiff's claim. The attorneys' proposed complaint bases that liability on two theories: (1) contribution under the Uniform Contribution Among Joint Tortfeasors Act, G.L. 1956 chapter 6 of title 10 (the UCAJTA) and (2) common law indemnification.

The UCAJTA recognizes a right of contribution between joint tortfeasors if they are both liable in tort to the original plaintiff and their respective wrongful conduct caused the "same injury" to the original plaintiff. See Wilson v. Krasnoff, 560 A.2d 335, 339 (R.I. 1989); see also §§ 10-6-2, 10-6-3. In the complaint that initiated this litigation, the buyers alleged (1) that the attorneys were responsible for reviewing the existing leases, (2) that the attorneys assured the buyers that the leases were triple net leases, and (3) that the buyers relied on that assurance when they purchased the property. Similarly, the attorneys' proposed third-party complaint alleges (1) that the agents reviewed those same leases, (2) that the agents falsely represented that the leases were triple net leases, and (3) that the buyers relied on that false representation when purchasing the property.

- 5 -

When the underlying complaint and the second proposed third-party complaint are viewed together, they collectively allege that the attorneys and the agents are potentially joint tortfeasors—that is, both parties may be liable in tort (viz., negligence and/or breach of fiduciary duty on the part of the attorneys and false representation and/or breach of fiduciary duty[4] on the part of the agents) for the "same injury" (viz., causing the buyers to overpay for the property based on their belief that the existing leases were triple net leases).[5] See Wilson, 560 A.2d at 339.

The motion justice appears to have read Rule 14 as being more demanding than it actually is; he stated that there had to be a duty running from the third-party defendants (the agents) to the third-party plaintiffs (the attorneys). There is no such requirement. Instead, the third-party defendants must only be potentially liable to the third-party plaintiffs, and the UCAJTA provides for that liability. See § 10-6-3 ("The right of contribution exists among joint tortfeasors * * *."). In fact, in Cosentino v. Blackman, 651 A.2d 1227, 1227 (R.I. 1994) (mem.), we explicitly acknowledged that "Rule 14 allows a defendant to bring in a third-party for contribution and/or indemnification." See also Roberts-Robertson v. Lombardi, 598 A.2d 1380, 1381 (R.I. 1991) (recognizing that joint tortfeasors may "seek contribution pursuant to [the

---

[4] On appeal, Mr. Cioe argues that the agents could not have breached a fiduciary duty by failing to properly review the leases because, under G.L. 1956 § 5-20.6-1, a real estate agent cannot assume such a duty unless it is in writing. That statute, however, applies only to residential real estate transactions, see § 5-20.6-2(17), and the agents have not alleged that the property at issue in this case was residential real estate.

[5] We express no opinion as to the merits of the claims alleged by the attorneys in the third-party complaint. We are simply recognizing that their third-party complaint presents allegations that fall within the ambit of Rule 14. Whether those allegations have merit is an issue that will have to be resolved at a later point in time. Cf. 6 Charles Alan Wright et al., Federal Practice and Procedure: Civil § 1448 at 456 (3d ed. 2010) ("Because the question whether someone is a joint tortfeasor is largely one of fact to be determined by the jury, a motion to dismiss the third-party complaint on the ground that it fails to state a claim normally should be denied and the third-party plaintiff allowed an opportunity to produce evidence as to the nature of the relationship.").

UCAJTA] either by a separate action or <u>by impleading the fellow joint tortfeasor under third-party practice</u>" (emphasis added)); 6 Charles Alan Wright et al., <u>Federal Practice and Procedure</u>: Civil § 1448 at 453–54 (3d ed. 2010) (recognizing that, "[i]f the governing substantive law recognizes a right of contribution [as is the case in Rhode Island], impleader under Rule 14 is a proper procedure by which to seek relief from joint tortfeasors").

Likewise, the alternative common law indemnity claim in the attorneys' proposed third-party complaint also falls within the bounds of Rule 14. The elements of such a claim are (1) "the party seeking indemnity must be liable to a third party"; (2) "the prospective indemnitor must also be liable to the third party"; and (3) "as between the prospective indemnitee and indemnitor, the obligation ought to be discharged by the indemnitor." <u>Muldowney v. Weatherking Products, Inc.</u>, 509 A.2d 441, 443 (R.I. 1986). As indicated above, the original complaint and the third-party complaint collectively allege that both the attorneys and the agents may be liable to the buyers. If the attorneys are able to introduce evidence which proves that the agents' acts were "the active and primary cause of [the buyers'] injury," then the attorneys would be entitled to seek common law indemnity. <u>See Helgerson v. Mammoth Mart, Inc.</u>, 114 R.I. 438, 442, 335 A.2d 339, 341–42 (1975) ("At the pleading stage it is virtually impossible to ascertain the right of [a third-party plaintiff] to indemnity."). Accordingly, from the perspective of the law of indemnity, the agents' third-party complaint satisfies the requirements of Rule 14.[6] <u>See</u> <u>Cosentino</u>, 651 A.2d at 1227 (acknowledging that "Rule 14 allows a defendant to bring in a third-party for * * * indemnification").

---

[6] Again, we express no opinion as to the merits of the allegations set forth in the attorneys' proposed third-party complaint. <u>See</u> footnote 5, <u>supra</u>.

It is therefore our opinion that the motion justice erred when he denied the attorneys' motion for leave to file a third-party complaint on the ground that their proposed complaint "fail[ed] to allege a cause of action by the third-party plaintiff against the third-party defendant." Rule 14 requires that a third-party plaintiff must allege that the third-party defendants are or may be liable for all or some of the original plaintiff's claim against the third-party plaintiff. The UCAJTA and common law indemnity provide for that liability. See, e.g., Cosentino, 651 A.2d at 1227; see also Hawkins v. Gadoury, 713 A.2d 799, 803 (R.I. 1998) (noting that the UCAJTA "recognizes that a cause of action for contribution is separate and distinct from the * * * tort that initially accrued to the injured party" (emphasis added)). By alleging that the agents are liable in tort to the buyers for the alleged overpayment for the property, the attorneys' proposed third-party complaint falls within Rule 14's boundaries.

## IV

### Conclusion

For the reasons set forth in this opinion, we vacate the Superior Court's denial of the attorney defendants' motion for leave to file a third-party complaint. The record in this case may be remanded to the Superior Court.


Justice Flaherty did not participate.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**      The Wampanoag Group, LLC et al. v. James A. Iacoi et al.

**CASE NO:**      No. 2012-54-Appeal.
(PC 08-8340)

**COURT:**      Supreme Court

**DATE OPINION FILED:**  June 19, 2013

**JUSTICES:**      Suttell, C.J., Goldberg, Robinson, and Indeglia, JJ.

**WRITTEN BY:**      Associate Justice William P. Robinson III

**SOURCE OF APPEAL:**      Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Brian Van Couyghen

**ATTORNEYS ON APPEAL:**

For Plaintiffs:  Barry J. Kusinitz, Esq.

For Defendants:  Lawrence P. McCarthy III, Esq.

For Third Party Defendants:  Christopher B. Weldon, Pro Hac Vice